WESTERN DIST.
September, 1840.

CARRIERE & BORDUZAT *vs.* MEYER ET AL.

CARRIERE &
BORDUZAT
*vs.*
MEYER ET AL.

|18L 126|
|44 428|

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF ST. MARTIN.

Judgment creditors of an estate in the course of administration, cannot take out execution against the administrator, without first notifying such judgment to him, that he may show he has no funds to satisfy and pay it.

Creditors having judgments against an estate, have it in their power, at any time, to compel the administrator to account, and show the true state of the funds.

The plaintiffs having obtained a judgment against the estate of Ursin Gonsoulin, deceased, administered by his widow, Emilie Leocadie Meyer, tutrix of the children, for the sum of one thousand five hundred and forty-five dollars and sixty-five cents, took a rule on her, alleging that more than three months had elapsed since she should have rendered an account, and filed her tableau of distribution of the funds, of the estate of her deceased husband ; and that it has been shown she has funds in her hands belonging to said estate. It was ordered, that she, together with her present husband, show cause, if any they have, why execution should not be taken out against them, and that a sufficient amount of her property be seized and sold, to satisfy the plaintiffs' judgment.

The defendants in the rule answered, and pleaded the general issue, and averred that as administratrix, she had already paid more than three thousand dollars of privileged debts ; and that there is not a sufficiency to restore and pay her dotal and paraphernal effects and property, which she avers amounts to six thousand six hundred dollars, for which she has the highest privilege and mortgage. She prays that her claim be allowed on the tableau for this sum ; and that she be discharged from the administration. She offered evidence of the amount of her claim, which was rejected.

On these pleadings and issues, the probate judge decided that it was shown she had funds of the estate in her hands, and had never rendered an account or filed her tableau, but

remained in possession, and neglected to pay over said funds in satisfaction of the plaintiffs' judgment ; and that in consequence, she is responsible, personally, for the amount thereof, under the *article* 1057, *of the Code of Practice.* The rule was made absolute, and execution ordered to issue accordingly. The defendants appealed.

WESTERN DIST.
*September,* 1840.

CARRIERE &
BORDUZAT
*vs.*
MEYER ET AL.

*Voorhies,* for the plaintiffs, showed that the entire estate of Gonsoulin, inventoried upwards of four thousand seven hundred dollars, and the property sold so far back as 1833. The plaintiffs obtained their judgment against the estate, contradictorily with the administratrix, in July, 1835, and it is not yet satisfied ; nor has she rendered any account, or paid over the funds in her hands. The present proceedings were commenced in 1837, and she has not yet paid any thing.

2. The defendant having taken no steps, whatever, to file a tableau of distribution, or to render an account of her administration, and to have her rights settled contradictorily with the creditors of the estate, she has now rendered herself liable, personally, for the amount of the plaintiffs' claim.

*Morse,* for the defendant.

*Morphy, J.,* delivered the opinion of the court.

Plaintiff having obtained a judgment against the defendant as administratrix of the estate of her deceased husband, Ursin Gonsoulin, had a rule served on her several years afterwards, to show cause why they should not be authorized to take out against her an execution under which her property, to a sufficient amount to satisfy their judgment, should be seized and sold. To this rule the defendant made answer, that she had paid privileged debts of her husband's estate to a large amount ; the vouchers for which, she would exhibit on the trial of the case ; and that there was not a sufficiency of funds in her hands to satisfy her dotal rights. The rule was made absolute, and defendant appealed.

CARRIERE &
BORDUZAT
vs.
MEYER ET AL.

Judgment creditors of an estate in the course of administration, cannot take out execution against the administrator, without first notifying such judgment to him, that he may show he has no funds to satisfy and pay it.

This rule, taken on the administratrix, appears to us to have been premature. It does not appear that notice of the judgment liquidating the plaintiffs' claim against the estate, and ordering them to be placed as ordinary creditors for its amount on the tableau of distribution, has ever been served on the defendant. Had it been notified to her as required by law, she would have informed the sheriff that she had no funds to satisfy it. It would then have been in order for the plaintiffs to compel her, by a motion to the court, to prove the truth of her declaration, by filing within a specified time, a brief statement of her situation with regard to the succession. Had she failed to prove that she had no funds in her hands belonging to the estate, the plaintiffs would have been entitled to the execution they now seek to obtain. Such is the course pointed out by law, when an administrator is sought to be rendered personally liable for a sum due by the estate he

Creditors having judgments against an estate have it in their power at any time, to compel the administrator to account and show the true state of the funds.

administers. *Code of Practice, articles* 1054–55–56–57.

Much has been said in the argument, of the defendants' neglect and dereliction of duty in not rendering any account of her administration. The reproach is well founded ; but it comes with a bad grace from creditors, who, having obtained their judgment in 1835, had it in their power to compel her to file her account, or satisfy their claim.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates of the parish of St. Martin, be anulled, avoided and reversed, and that the rule taken in the premises be discharged; the plaintiffs and appellees paying costs in both courts.