KING<br>v.<br>LASTRAPES.

---

EVELINA COLLINS, f. w. c., Tutrix, *v.* JOSEPH HOLLIER, Administrator—JONATHAN HARRIS *v.* same.

An administrator will not be permitted to allege his own illegal acts in bar of the action of creditors against him.

If, at the sale of property administered by him, he becomes the purchaser and goes into possession of the property, he will be held liable for the price.

The neglect of an administrator to file his account within the time prescribed by law, will subject him to destitution from office and to the payment of ten per cent. interest on the amount due by him to the estate.

The creditors cannot, however, compel a distribution of the funds of the estate by such destituted administrator ; they must pursue their remedies against the new administrator to be appointed, who is authorized to demand a full account from the former administrator.

APPEAL from the District Court of the Parish of St. Landry, *Martel, J.* *Lewis & Porter* and *Swayze & Moore,* for plaintiff. *B. F. Linton,* for defendant and appellant.

MERRICK, C. J. The two consolidated cases now before us, were brought by judgment creditors against *Joseph Hollier,* to destitute him of the office of administrator of *Julien C. Gonor,* deceased, for not filing his account within the year, and to claim ten per cent. interest, and to obtain execution against him individually.

Judgment was rendered in favor of the plaintiff to the extent of said demands, and the administrator appeals.

The administrator not being within the exception of the law, bought at a probate sale, provoked and made by himself, a house and lot, for the sum of $600, payable in one, two and three years, from 31st of October, 1855. He now contends that this sale was an absolute nullity, and, as a consequence, that he cannot be charged with the price of the sale, and that the property ought to be resold.

74

Articles 1139 and 1784, prohibit an administrator from purchasing property administered by him as such, and it has given rise to much discussion whether the nullity pronounced by these Articles is absolute or relative.

Without undertaking to decide this question, we are of the opinion that where an administrator has bought property at a probate sale, which he has returned to the probate court as sold with the *proces verbal* of sale, and has gone into the possession of the property and possessed the same, as in this case, for three years or more, without offering to account for the revenues, or taking any steps to provoke a resale, he cannot defeat the creditors by excepting from the *proces verbal* the property purchased by himself, and he cannot be permitted to allege his own illegal acts in bar of the action of the creditors; and if he be not held bound as a purchaser, he shall be charged with so much money as he has prevented the estate from receiving by his real administration, and that the *proces verbal* may, at the option of the creditors, be considered as showing the amounts for which he should be charged.

The administrator having neglected to file his account within the time prescribed by law, was "properly destituted and condemned to pay ten per cent. interest upon the installments of six hundred dollars which had fallen due.

But so far as the judgment condemns the defendant to pay the plaintiff's judgments against the administrator out of his individual estate, it appears to us, from such examination as we have been enabled to give the record, unaided by a brief on the part of the appellees, to be erroneous.

If the plaintiffs claim judgment upon the account rendered in this proceeding, it has never been published or notified to the heirs, that we can discover, and it is somewhat inconsistent to compel a distribution of the funds of the estate from one who is destituted of his office.

If they claim an execution in virtue of their original judgments, they do not appear to have been notified to the administrator, in conformity to the Code of Practice. See Arts. 1053, 1054, 1055, 1056, 1057; *Carriere & Borduzat* v. *Meyer et al.*, 16 La. 126.

The parties must be left to pursue their remedies against the new administrator to be appointed, who will be authorized to call upon the present defendant to render a full account.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided, and reversed; and now pronouncing such judgment as should have been rendered, it is ordered, adjudged and decreed by the court, that said *Joseph Hollier* be destituted from his said office of administrator of the succession of *Julien C. Gonor*, deceased; and that he pay for the benefit of said succession ten per cent. interest on the sum of $200, from the 31st day of October, 1856, until paid, and the like interest on the sum of $200 from the 31st day of October, 1857, until paid, reserving to the proper parties the right to call upon said defendant for said principal now due, and which may fall due, and such other sums as may be traced into his hands, subject to such credits as he may establish. And it is further ordered, that the defendant pay the costs of the lower court, and the plaintiffs the costs of the appeal, to be equally divided between them.