## SUCCESSION OF JAMES LYNCH.

*The obligation of the security on an administrator's bond can be enforced at once without proceedings against the estate of the principal, which is shown to be insolvent by a tableau of distribution filed in the due course of administration.*

APPEAL from the Second District Court of New Orleans, *Morgan,* J.

*T. H. Clack,* and *A. Robert,* for opponents and appellants. *P. E. Bonford,* for appellee.

COLE, J. The decedent, *James Lynch,* with his wife, *Margaret Lynch,* and their child, *Julia,* were lost on the steamship Artic, on the 27th of September, 1854.

The administrator of the estate of *James Lynch* having filed an account, *Jeremiah Barrett* filed an opposition to it, claiming to be placed thereon as heir of *Margaret Lynch,* alleging that he was the nearest surviving relative, being her brother ; that in fact, and by presumption of law, the wife survived her child, and that therefore, the opponent as such nearest of kin, is entitled to one-half of the net proceeds of the succession, his deceased sister's portion as wife in community.

There was judgment against the claim of *Jeremiah Barrett,* and he has appealed.

The District Judge was of opinion that the relationship claimed never existed.

It appears that opponent and *Mrs. Lynch* were regarded by many of their friends as brother and sister.

Opponent was however known to some persons by the name of *Edward Wright.*

He has sought to invalidate the effect of this, by establishing it to be usual among sailors often to change their names, and that his occupation was that of a sailor.

The letter addressed by opponent to *Mrs. Lynch,* under the name of *Edward Wright,* in conjunction with his answer to interrogatories, and the declaration of *Mrs. Lynch* in her lifetime, of the nature of the relationship between her and opponent, have created much doubt in our minds as to the legitimacy of his claim.

There are certain expressions in the letter which negative the particular relationship now contended for.

A careful consideration of the effect of the whole of the testimony induces the belief that the District Judge did not err in rejecting his demand.

*E. A. Bienvenu,* curator of *Pierre Gabriel Clermont,* an absentee, asks to be placed on the tableau of the succession of *Lynch,* in his capacity of curator of *Clermont,* for $8,263 17, with interest, on the ground that one *Masson* was heretofore appointed curator of *Clermont,* and that he gave bond in the sum of $15,000, with *James Lynch* as one of his sureties. That subsequently *Masson* died, and his succession was insolvent ; that consequently, *Lynch,* as one of his securities, is bound to pay the deficit due by his succession on the amount received by him as curator of *Clermont,* which is $8,263 17 ; and *Bienvenu* asks that the tableau of *Lynch* be amended in this respect.

SUCCESSION OF
LYNCH.

The District Court was of opinion that this was not the proper manner of prosecuting his claim, and dismissed it without interfering in any manner with any right which the curator, *Bienvenu*, may have, to proceed by any other action.

We are of opinion that the amendment ought to have been allowed.

The sixth section of the Act of 1842 provides, " That the courts of probate shall have exclusive cognizance of all suits or actions against sureties on the bonds of appeal, and all others which they are bound by law to receive or exact from appellants and administrators, tutors, curators and testamentary executors generally ; and no such suit shall be instituted against the security until the necessary steps have been taken to enforce payment against the principal." Sess. Acts of 1842, p. 302, § 6.

This section declares that the *nesessary* steps must be taken to enforce payment against the principal; it does not explain what are the necessary steps.   When, as in the case at bar, the principal is dead, and a tableau of his succession has been filed, from which it appears that his estate will not be able to pay the whole of his obligations, and when also the security upon one or more of his obligations is dead, and a tableau of his succession has been filed, we are of opinion, in such a case as this, that the obligation can be enforced at once against the estate of the security, and that it is not necessary, under such a state of facts, to proceed by rule or other mode against the estate of the principal, to show cause why it should not pay the amount due.

The rule or other process cannot be deemed necessary, because the tableau of the principal already filed establishes that the whole amount could not be paid, as the estate is partially insolvent.

It would be then useless to resort to a rule or other process, when it is already known that the estate of the principal cannot satisfy the whole of the claim.

If such a course were deemed necessary, it would in the present case work the greatest injustice.

The creditor would be obliged to wait until the estate of the principal was finally settled, so that it could be exactly known what portion of the obligation could be paid by the same.   In the mean time, the estate of the security might be settled, and the balance of the estate might be paid over to foreign heirs, and the creditor would be obliged to resort to foreign tribunals to recover from the different heirs the portion due by each of them upon his claim.   *Alley* v. *Hawthorn*, 1 An., p. 126 ; *Wells* v. *Roach et al.*, 10 An. 545.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be amended as follows, to-wit : that the part thereof which dismisses the opposition of *A. E. Bienvenu*, curator of *Clermont*, be avoided and reversed ; that the opposition of *A. E. Bienvenu*, curator of *Clermont*, be maintained for the sum of $8,263 17, with legal interest from the 29th June, 1856 ; that the account presented by *Lynch's* curator be amended so as to place thereon *Bienvenu*, curator of the absentee, *Pierre Gabriel Clermont*, for the said sum of $8,263 17, with interest as aforesaid ; that the account so amended be approved and homologated, and the funds be distributed accordingly ; that the costs of the lower court upon the opposition of *Jeremiah Barrett* be paid by himself, and that those upon the opposition of *Bienvenu*, curator, be paid by the estate ; that the judgment so amended be affirmed ; that one-half the costs of appeal be paid by the estate, and one-half thereof by *Jeremiah Barrett*.