## No. 2870.

### LEONIE LEPRETRE *v.* ALEXANDER BARTHET.

The objection that, when the release bond in this case was signed on the first of July, 1868, there was no law authorizing the release on bond of property provisionally seized, is not well taken. It was authorized by the act of the sixth July, 1867. See Revised Statutes of 1870, section 1914.

As a general rule the judicial surety, a solidary obligor, can not be proceeded against, until the necessary steps are taken to enforce judgment against the principal debtor. R. C. 3066.

But when a change happens in the debtor's estate, so that execution can not be issued against it, the judgment creditor may proceed at once against the surety.

Where the condition of the bond to release property provisionally seized is, "that the debtor shall pay such judgment as may be rendered against him," the fact that the property thus seized remains in the hands of the debtor after the release bond was given, does not discharge the bond, or release the surety.

APPEAL from the Seventh District Court, parish of Orleans. *Collens*, J. *Alfred Grima*, for plaintiff and appellee. *G. Schmidt*, for defendant and appellant.

Justices concur.ing: Ludeling, Taliaferro, Howell, Wyly and Morgan.

WYLY, J. The plaintiff had judgment in the Third District Court, on second of July, 1868, against Louise Nicholas, for $438 50, recognizing his lessor's privilege on the movables provisionally seized. Before said judgment was signed, however, the said Louise died. The suit was transferred to the Second District Court, and there the judgment was signed contradictorily with curator of the deceased.

The plaintiff then brought this suit against the defendant, the surety on the bond to release the property provisionally seized in said suit. After a general denial, the answer admits the signing of the bond, but denies the indebtedness of the party whose property was provisionally seized; and avers that on the death of the said Louise Nicholas all the furniture which had been provisionally seized remained in her possession, was duly inventoried and delivered to the curator of her succession, and by virtue thereof "the aforesaid bond by him given was discharged and annulled."

The court gave judgment for plaintiff for $438 50, and the defendant appealed. The objection set up in the brief that when the release bond was signed on first July, 1868, there was no law to authorize the release on bond of property provisionally seized, is not well taken. It was authorized by the act of sixth July, 1867. See Revised Statutes of 1870, section 1914.

As a general rule the judicial surety, a solidary obligor, can not be proceeded against, until the necessary steps are taken to enforce payment against the principal debtor. R. C. 3066.

But when a change happens in the debtor's estate, so that execution can not be issued against it, the judgment creditor may proceed at once against the surety. Alley *v.* Hawthorn, 1 An. 122; Trimble *v.* Birchta, 11 An. 271 ; Murison *v.* Butler, 20 An. 513.

The plaintiff, therefore, not being able to issue execution against the succession of Louise Nicholas, had the right to proceed against the defendant, her judicial surety, to make him liable on the bond given for the release of the furniture provisionally seized.

The condition of the bond was, "that if the said defendant shall satisfy such judgment as may be rendered against her, in the suit pending as above mentioned, then this obligation to be void, or else to remain in full force."

Now, after the release bond was given, the plaintiff prosecuted his suit to final judgment against the said Louise Nicholas for $438 50, and it has not been paid. There may have been irregularities in the proceeding in which said judgment was rendered; but on the merits the judgment is sustained by the proof.

The fact that the property provisionally seized remained in the hands of the debtor after the release bond was given, did not discharge the bond or release the surety. That was not the condition of the bond. It was that the debtor shall pay "such judgment as may be rendered against her."

That Louise Nicholas died after judgment, but before it was signed, and that it was transferred to the Second District Court and there' signed contradictorily with the curator of the deceased, shows nothing to invalidate the judgment. It was the proper mode to pursue. We see no error in the judgment appealed from.

Judgment affirmed.