## BERRY A. WILSON *v.* JOHN MURRELL.

Before a creditor of a succession can proceed against the surety of a curator, executor, &c., he must, under the sixth section of the act of 16 March, 1842, chap. 120, have pursued the steps pointed out by arts. 1055, 1056, and 1057, of the Code of Practice, and have exhausted all the means which the law gives him to obtain payment from the principal, officially and personally.

APPEAL from the Court of Probates of Claiborne, *Peets,* J.

*Sherburne* and *J. B. Smith,* for the plaintiff.

*Tuomey,* for the appellant.

SIMON, J. The object of this suit is to make the defendant liable, as surety on the bond of Mary Vincent, curatrix of the vacant succession of Josiah Vincent deceased, to pay the amount of a judgment which the plaintiff obtained against said curatrix. An execution issued on the judgment was returned, " no property found."

There was judgment below in favor of the plaintiff, and the defendant has appealed.

The record shows, that the curatrix, having filed an account of her administration of the succession, that is to say, of the manner in which she had disposed of the funds of the estate, said account was opposed by the plaintiff, who is one of the creditors of the deceased, and who prayed in his opposition, that a certain part of the account should be disregarded, and not homologated ; whereupon, a judgment was rendered sustaining the opposition, ordering that the opponent be placed on the tableau for the amount by him claimed, and that the curatrix pay him that amount, with the costs of the proceeding. This judgment is dated the 12th March, 1842. On the 6th of December following, the plaintiff issued an execution against the curatrix in her official capacity, which was returned by the Sheriff, " no property found," whereupon he instituted the present suit, under the 6th section of an act of the Legislature, approved 16th of March, 1842. See page 302, of the laws of that session.

The law under which this suit was brought declares : " that the Courts of Probates shall have exclusive cognizance of all suits against sureties on the bonds which they are bound to receive from curators, &c., generally ; and *no such suit shall be in-*

Wilson v. Murrell.

*stituted against the security, until the necessary steps shall have been taken to enforce payment against the principal.*"

Now, under arts. 1055, 1056, 1057, of the Code of Practice, if the curator has no funds in his hands, he shall inform the Sheriff, when the judgment is notified to him, that he has not sufficient funds to satisfy it. This appears to have been done in this case since, from the return of the execution, which may be taken here as tantamount to a notification of the judgment, nothing was found to satisfy it. But thereupon, it was the duty of the creditor to make a motion to the court for the purpose mentioned in art. 1056, in order to ascertain the curatrix's condition with regard to the succession; and under art. 1057, she would have been entitled to show, that she had no funds in her hands, or in case of her refusing or neglecting to comply with the requisites of the law, an execution should have been taken out *against her personally.* These last requisites of the law do not appear to have been fulfilled by the appellee. They were necessary to enforce payment against the curatrix, and being comprised among the steps which the law says must be taken against the principal, we are constrained to require, that before being allowed to proceed against the surety, the plaintiff should bring himself within the meaning and requisites, of the law of 1842. The expressions of that law, that "no such suit shall be instituted against the surety, until the necessary steps shall have been taken to enforce payment against the principal," clearly indicate, that the plaintiff could not institute this action, until after having exhausted all the means which the law gives him to get the money due him from the curatrix. The law is positive, and it is our duty to obey the will of the law maker, whatever change it may operate in the course of our jurisprudence.

This suit was, therefore, prematurely instituted, and it must be dismissed.

It is, therefore, ordered, that the judgment of the Probate Court be annulled, and reversed; and that ours be for the defendant, as in case of nonsuit, with costs in both courts.