Morphy, J.
In the case of Wilson v. Murrell, wherein the defendant was sought to be made liable as surety on the bond of Mary Vincent, as curatrix of the vacant estate of Josiah Vincent, the plaintiff was nonsuited on the ground that his proceedings, against the surety were premature, as he had not taken the necessary steps to enforce payment against the principal, pursuant to the act of the 16th of March, 1S42. 6 Rob. 68. The plaintiff then took a rule on Mary Vincent, the curatrix, to show cause why an execution should not issue against her, in her individual capacity, for the sum of $315, with ten per cent interest thereon from the 31st of December, 1839. The curatrix having failed to appear, the rule was made absolute, and she appealed.
It is urged on the part of the appellant, that the judgment against her should be reversed, as she has never been legally cited. The record shows, that two citations directed to Mary Vincent, curatrix, were served by the Sheriff of the parish of Claiborne; one of the returns mentions, that he delivered a certified copy of the citation and petition to Isaac Murrell, at the usual residence of John Murrell, .Sen’r, he being absent from home; the other says, that “ he delivered a copy of the citation and petition to John Murrell, Sen’r, attorney in fact for Mary Vincent, curatrix, at his usual residence, about fourteen miles from Over-ton.” The first citation was clearly defective, and seems to have been so considered by the plaintiff himself, as he thought proper to take out another. The second citation is .objected to on the *236 ground that it has not been alleged in the petition, that the defendant was absent from the State at the time of the institution of the suit, nor that John Murrell, Sen’r, was her attorney in fact; and we have been referred to the cases of McMicken v. Smith, (6 Mart. N. S. 429,) and to that of Pilié v. Kenna, (16 La. 570.)
To this it is answered, that in the cases quoted nothing showed, nor was it alleged in the petition, that the person upon whom service was made was the agent of the defendant; whereas in this suit the record shows, that John Murrell, Sen’r, was the duly constituted attorney in fact of the curatrix, Mary Yincent; that article 1145 of the Civil Code authorized her, in case she wished to be absent for a time, to leave with some person residing in the parish where the succession was opened,' her general and special power of attorney to represent her in all the acts of her administration as curatrix, and to deposit an authentic copy of this power of attorney, before her departure, in the office of the Judge who appointed her; that the defendant, having done so, the citation served on her agent was sufficient and legal. On examining the power of attorney, which was executed on the 18th of September, 1841, we find that it is a special power authorizing J. Murrell, Sen’r, to represent her only in her capacity of curatrix, to admit claims, render an account, &c, .Even were we to presume that she absented herself, and that her absence continued up to February, 1844, when this proceeding was instituted against her, yet it is clear that, under the special power she left to J. Murrell, Sen’r, he was competent to represent her only in her official capacity as curatrix of the estate of Josiah Yincent. The rule taken against her had for its object to render her personally liable. If it is made absolute, it will operate as a judgment against her individually, to be satisfied out of her own property. The word, curatrix, which is added to the name in the citation, can be considered only as a descriptio persones. The proceeding, in point of fact, is one against Mary Yincent in her own name, and not as curatrix. John Murrell, Sen’r, was not her general agent, and had no capacity to represent her in relation to her private affairs, or any suit or proceeding brought against her individually. As it does not appear to us that the defendant was legally cited, the judgment appealed from must be set aside.
Peets and Garrett, for the plaintiff,
Latuson, for the appellant.
It is, therefore, ordered, that the judgment of the Court of Probates be reversed, and the case remanded for further proceedings according to law, the plaintiff and appellee paying the costs of this appeal.