Gaillard et al. vs. Bordelon.

## No. 8789.

FABIEN GAILLARD ET AL. VS. CELESTINE BORDELON, WIDOW, ETC.

Under Section 3724, Rev. Statutes, action does not lie against the surety on an administrator's bond "until the necessary steps shall have been taken to enforce payment against the principal." Mere testimonial proof of the principal's insolvency, in absence of judicial determination of that fact or liquidation of the claim contradictorily with him, will not excuse non-compliance with this condition precedent.

APPEAL from the Twelfth District Court, Parish of Avoyelles. *Blackman*, J.

*A. H. Bordelon* and *Jos. P. Hornor & F. W. Baker* for Plaintiffs and Appellants:

1. The simple acceptance of a succession is tacit, when some act is done by the heir (or legatee) which necessarily supposes his intention to accept and which he would have no right to do but in his quality of heir (or legatee). C. C. 988, 1013, 1614, 992, 999; 8 An. 431; 9 An 517; 7 An. 553; 5 An. 113; 6 An. 514; 21 An. 717.
2. The heirs of a succession may maintain an action directly against the surety on the official bond of an administratrix of a succession. 5 M. 629; 5 L. 322; 16 L. 72; 8 L, 211; 10 L. 26; 28 An. 113.
3. An action for an entire estate, such as a succession, is only barred by the prescription of thirty years. C. C. 3548, 1030; 12 An. 97; C. C. 3526.

*Thorpe, Peterman & Thorpe* and *Albert Voorhies* for Defendant and Appellee:

1. Where one is testamentary executrix and universal legatee under a will, has qualified as executrix and has taken an inventory of succession effects, she cannot be held to have made a simple, tacit acceptance of the succession in her capacity of universal legatee, unless the act manifesting such acceptance was made before the taking of the inventory. Tacit acceptance is to be inferred only from acts the motives of which cannot properly be ascribed to any other purpose. C. C. 1013; 26 An. 413; 30 An. 935.
2. Where one who is executor and universal legatee under a will, takes possession of the estate as executor, he will not be regarded as having possession in his capacity of legatee, nor can he, without judicial authorization, change the nature of his possession. 5 An. 643.
3. C. C. Articles 999 (993) and 1013 (1006) harmonized.
4. A party cannot proceed against the surety on an administrator's bond until he has liquidated his demand, obtained judgment against the principal, and exhausted all means of payment from the principal, officially and personally. Rev. Stats. Sec. 3724; 6 Rob. 68; 4 An. 486; 14 An. 561–63.
5. The confusion of right which extinguishes an obligation when the qualities of creditor and principal debtor unite in the same person, avails the sureties of the principal debtor. C. C. 2215.
6. Prescription runs against a minor from the time of his emancipation by marriage. C. C. 368.

The opinion of the Court was delivered by

FENNER, J. Plaintiffs, as heirs of Joseph Gaillard, who died in 1852, allege that their mother, Odyle Marcot, qualified as administratrix of his succession and furnished bond with Jules Charles Desfossé as surety; that she received valuable property of said succession, which

Gaillard et al. vs. Bordelon.

she converted to her own use, and died in 1881, without ever rendering any account of her administration; that Desfossé, the surety on her bond, died in 1880, leaving defendant as universal legatee, who, they aver, had unconditionally accepted his succession, and is, therefore, liable for all its obligations. They bring this action against defendant as representative of Desfossé, surety, to recover the amount of their father's succession.

Numerous defenses are interposed, of which it is only necessary to notice one, viz: that plaintiffs have no right to sue the surety on the bond "until the necessary steps shall have been taken to enforce payment against the principal."

Such is the express provision of the law, repeated in no less than six Sections of the Revised Statutes: Secs. 19, 1476, 2354, 3715, 3724, 3857. The provision is originally derived from an Act of 1842, (p. 302) amended by an Act of 1866, (p. 42). It has been frequently interpreted and enforced by this Court. Wilson vs. Murrell, 6 Rob. 68; Kemper vs. Splane, 4 An. 486; Canal Co. vs. Brown, 4 An. 545; Phelps vs. Sawyer, 7 An. 551; Lobit vs. Castille, 13 An. 563.

Reference to these cases will show what *steps* are *necessary* against the principal.

The authorities quoted by plaintiffs' counsel all ante-date the passage of the law, except 28 An. 113, which was not a proceeding against a surety. They are obviously without application. The only proceeding which plaintiffs have taken against the principal is a suit instituted against her prior to her death, which had abated before trial, and had not been revived or determined. If her insolvency had been judicially determined in mortuary proceedings duly opened, the case might fall within the authority of Succession of Lynch, 14 An. 235.

But we find no precedent for accepting the mere testimonial proof of one of the plaintiffs, that she left no property, as conclusive on that question. The "necessary steps to enforce payment against the principal," positively required by law as a condition precedent to this action, are entirely wanting.

Judgment affirmed at appellants' cost.