FANTAUZZI, PLAINTIFF AND APPELLANT, *v.* VÁZQUEZ ET AL., DEFENDANTS AND RESPONDENTS.

Appeal from the District Court of Guayama in an Action to Recover on a Promissory Note.

No. 1201.—Decided July 8, 1915.

The promisor having defaulted in the payment of a matured promissory note, demand for payment was made upon the surety, who replied that his principal had sufficient property to respond for the payment of the note and that said property was then under attachment, a statement of it being on file in the district court. Said attachment had been levied in an action brought by said surety against the promisor to secure himself against his principal's insolvency, and the same property had been attached also by another creditor. The promisee brought action against the surety for recovery on the note and the trial court dismissed the action without prejudice to the bringing of another action whenever the promisee had exhausted his remedies against

the principal debtor by the discussion of his property, the theory being that a creditor must reduce any property of the .debtor to cash although said property is already under attachment. *Held:*

NEGLIGENCE.—The statute only fixes a responsibility for negligence on a creditor after the surety has indicated the realizable property of the debtor.

REALIZABLE PROPERTY.—The reference of the Legislature to property which "can be sold" (*realizable*) was evidently to property capable of being seized and sold under execution.

LEVY.—A levy means that the marshal must be able to take physical or constructive possession of the property and when a junior writ is placed in his hands he does not levy the same but retains what is left of the proceeds of the sale under the first writ to satisfy the second.

PROPERTY IN CUSTODIA LEGIS—REALIZABLE PROPERTY.—A creditor is not bound to proceed against property which is already in *custodia legis,* the meaning of realizable property being property which can be directly attached and not property in regard to which the creditor would have to litigate.

ESTOPPEL.—The action of the surety in attaching the property of the promisor before suit was brought by the promisee worked an equitable estoppel by placing an obstacle in the way of an attachment by the creditor.

SURETY—REIMBURSEMENT—ATTACHMENT.—If the attached property has any value, the surety has placed himself in a position to be reimbursed, as far as the property will reach, as to any payment he may have to make to the creditor; for if the creditor could sell the same property, the surety would be liable for any balance of the debt which the proceeds of the sale might not cover.

ID.—BENEFIT OF DISCUSSION—SPECIFICATION OF PROPERTY.—When called upon to pay the debt of his principal it is the duty of the surety to specify directly the property out of which the creditor may realize his claim. An indication of such property by reference to the files of a court or to some other document or suit is insufficient.

The facts are stated in the opinion.

*Mr. José C. Ramos* for the appellant.

*Mr. Rafael Martínez Nadal* for the respondents.

MR. JUSTICE WOLF delivered the opinion of the court.

On June 27, 1913, J. A. Bruno made a promissory note in favor of Antonio Fantauzzi in the sum of $6,651.33. Edgardo Vázquez became the surety for Bruno and Manuel González became the surety for the said Vázquez.

At the maturity of the note a demand was made upon the principal debtor to pay the same and the said Fantauzzi, on or before the maturity of said note, notified the said Vázquez that such note was about to become due. Not having heard from Vázquez, a few weeks later Fantauzzi, through his attorney, made a request upon Vázquez for the payment of

the said note.  Apparently in answer to the last request of Fantauzzi Vázquez wrote the following letter:

> *"Guayama, P. R., February 27, 1914.*
> *"Mr. Antonio Fantauzzi,*
> > *"Arroyo, P. R.*          .

"My Dear Sir and Friend:

"In answer to your letter referring to the note of my principal, Mr. José Antonio Bruno, and in which you make a request upon me for payment, I beg to inform you that Mr. Bruno has sufficient property to answer for the payment of the amount of the said note and that it (the property) is attached and a statement of it is filed in the office of the secretary of the district court of this city.

"Hoping that you will be so good as to let me know your decision, I am,

"Your affectionate friend and servant,
> > *"Edgardo Vázquez."*

On February 27, 1914, Fantauzzi brought the present suit against Edgardo Vázquez Aguilar and Manuel González. Judgment was rendered against the complainant.

It developed at the trial that the reference in the letter of February 27, 1914, to an attachment was to a suit and attachment begun by Vázquez against Bruno to secure the said Vázquez against the insolvency of the said debtor and that in such suit certain alleged property of the debtor Bruno was attached.

One of the first questions presented in the case is whether the answer of Vázquez was sufficient, the appellant maintaining that the defendant, if he wished to take advantage of section 1733 of the Civil Code, which we shall set forth hereafter, should have specifically indicated the property against which Fantauzzi, the creditor, should first proceed.  The answer sets up as special matter of defense that Vázquez, before suit was brought in this case, wrote to the appellant indicating to him realizable property of the said debtor Bruno, and then the answer proceeded to set out what was the property referred to.  In other words, the answer says that the said Vázquez had already indicated to the said Fan-

tauzzi the property of the debtor Bruno which could be obtained. The letter to which the answer refers, as shown by the proof, was the one we have transcribed, but on the face of the answer there was a complete showing that the said Vázquez had been writing to the said Fantauzzi indicating the said realizable property.

The appellant, indeed, would have to prevail if the appellee relied upon a specification in the answer by direct reference, but, as we have seen, the appellee was relying upon the specification made in a letter previous to suit. No request was made in the court below for a bill of particulars or for the production of the writing previous to the trial, and hence the answer must be held to be sufficient.

The judgment of the court below dismissed the complaint without prejudice to the rights of the complainant to present a new cause of action against the defendants whenever he had exhausted his remedies against the principal debtor by the discussion (*excusión*) of the property of the same. The theory of both the court and the appellee is that a creditor must reduce any property of the debtor to cash even though such property has already been attached.

In this case the property was not only attached by Vázquez, but before this suit was brought by the complainant the alleged property had been attached by another creditor. The appellee maintained that the appellant was negligent in not having more promptly attached the property of the debtor. Here, however, the note matured on December 31, 1913. The appellee did not notify the said appellant of the realizable property until February 27, 1914, although previously requested for payment, and this suit was begun on February 27, 1914.

Section 1734 of the Civil Code only fixes a responsibility for negligence on a creditor after the surety has indicated the realizable property of the debtor, so that in this case any question of neglect of the creditor would be governed by

the ordinary rules of law, perhaps only by the statute of prescription itself.

The principal question in this case is over the question of what should be considered realizable property. The sections of the code applicable to the question are as follows:

"Sec. 1731.—The surety cannot be compelled to pay a creditor until application has been previously made of all the property of the debtor.

"Sec. 1732.—This application cannot take place:

"1. If the surety has expressly renounced it.

"2. If he has jointly bound himself with the debtor.

"3. In case of bankruptcy of the debtor.

"4. When the debtor cannot be judicially sued within Porto Rico.

"Sec. 1733.—In order that the surety may avail himself of the benefit of a levy against the principal he must require it of the creditor as soon as the latter may sue for payment, and determine the property of the debtor which can be sold within Porto Rican territory and which may be sufficient to cover the amount of the debt."

The appellee frankly confesses that he is unable to find any exact precept of the law which would determine the extent to which a creditor must go, but he argues that the creditor must exhaust all the property of the debtor even to the extent of setting aside a fraudulent conveyance made by such a debtor, and he quotes from 12 Manresa, 253, and the judgment of the Supreme Court of Spain of March 2, 1891. We likewise have been unable to find any definition of what the realizable property of a debtor may mean. · Sánchez Román, nevertheless, says that the surety may not have the benefit of discussion (*excusión*), among other things, if it is notorious that the debtor has no property with which to comply with the obligation or if it had been made difficult to recover against the debtor. Sánchez Román, 4 *Derecho Civil,* 919.

We think it probable that the original idea of section 1733, when it spoke of realizable property, was real estate or personal property which could be immediately attached. The Spanish version uses the word *realizable,* the English ver-

sion uses the words "can be sold," but as the English version also speaks of the benefit of levy, it is evident that the idea. of the Legislature, so far as it is revealed by the English copy of the code, was that the property mentioned was such property that could be sold after a levy. A levy may mean various things but it invariably means that the marshal or the sheriff must be able to take physical or constructive possession of the thing he is required to execute or attach. Generally, a marshal cannot levy on goods already under levy. When a second writ is placed in the hands of a marshal for attachment and levy, if the goods are sold under the first attachment or execution, he retains what is left of the proceeds to satisfy the second execution or attachment.

In his brief the appellee has cited from the Civil Code of Louisiana article 3051 and also from the case of *Gaillard* v. *Bordelon,* 35 La. Ann., 390. The latter was a case under a special law in regard to administration.

Curiously enough, in the same volume of reports, at page 814, is contained the case of *Folger* v. *Palmer,* wherein the court of Louisiana decides that a judgment creditor is not bound to seize burdened property pointed out before a proceeding against the surety on the appeal bond when the attempt to sell would only result in costs. However that may be, article 3047 of the Civil Code of Louisiana is as follows:

"The surety who does require the discussion is bound to point out to the creditor the property of the principal debtor, and furnish a sufficient sum to have the discussion carried into effect.

"He must not point out the property of the principal debtor situated out of the State, nor the property which is in litigation, nor that which is mortgaged for debt, and no longer in the possession of the debtor."

Therefore, we come to the conclusion that while we may not define all the steps that a creditor must take, yet we are completely satisfied that such creditor is not bound to proceed against property which is already in the custody of the law by reason of attachments of various persons. We are

inclined to think that realizable property must mean property that can be directly attached and sold, and not property in regard to which a creditor would have to litigate against contending claims.

Furthermore, we think the actions of the appellee in this case have worked an equitable estoppel. Even before this suit was brought against him he attached the property of defendant Bruno. Not only did the act of the surety place an obstacle in the way of an attachment by the creditor Fantauzzi, but we also think that if the particular property attached has any value the said surety, the appellee in this case, has placed himself in a position to be reimbursed, as far as the property will reach, for any payment he may have to make to the complainant. If the complainant here would take the same property and sell it and obtain a certain sum therefor, the appellee would still be responsible for the balance, so that if he pays the entire debt he can make good to himself any amount which he has to pay by reason of the inability of the appellant to proceed against the same property.

Also, we think that section 1733 of the Civil Code puts a duty upon a surety which was not complied with in this case. It is his duty under that section, when called upon to pay the debt of his principal, to indicate the property on which the creditor may realize his claim. The letter of February 27, 1914, specified no property except by reference to a pleading filed in a court. We think that when section 1733 says that property must be specified it means that the specification must be directly made and not by reference to some other paper or suit. The proposition is analogous to the proposition laid down in the case of *Méndez* v. *Celis et al.*, 20 P. R. R., 493. When the law places a duty upon a person to specify certain property in order to escape or postpone payment, that duty must be strictly complied with. The burden falls upon a surety to indicate the property to be attached. We think that the surety in this case failed to comply with the law.

In the court below the defendant González defaulted.

The judgment must be reversed with instructions to enter the default of the defendant González and thereupon to render judgment in favor of the complainant against the defendant Edgardo Vázquez Aguilar and, in default of payment by him, against the defendant Manuel González.

*Reversed.*

Justices del Toro, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.