## Kemper et al. *v.* Splane et al.

No action can be instituted against the surety on an administrator's bond, until the necessary steps have been taken to enforce payment from the principal. Stat. 16 March, 1842, sec. 6.

Where a judgment has been rendered in an action against an administrator, removing him from office and ordering him to render an account, the institution of an action, by the heirs, against him on his bond for the amount of their inheritance, is not inconsistent with the previous action; but proceedings should be suspended until the administrator has rendered the account ordered in the first action, or until the delay allowed to him for that purpose has expired. The settlement of the account ordered would form the basis of a judgment in the second action. But where, in such a case, the plaintiff proceeds to trial, his action must be dismissed.

APPEAL from the District Court of St. Mary, *Voorhies,* J. *Gibbons* and *Dwight,* for the appellants. *Maskell,* for the defendants. The judgment of the court was pronounced by

King, J. The plaintiffs, who are heirs of the late *Nancy Kemper,* deceased, have instituted this action against the defendant, *Splane,* who is the administrator of her succession, and *Sparks,* the surety on his bond, claiming the amount of their respective inheritances from their mother. They allege that the administrator has received the proceeds of the property sold, which he retains, and that he declines rendering a final account, and takes no steps to bring his administration to a close.

Various exceptions were pleaded by the administrators, which, having been overruled, the defendants answered that, in a suit then pending in the same court, the administrator had been required to file an account of his administration, and, until the rendition of that account, the filing of which had been delayed from no fault of the administrator, no action on the bond could be maintained. This ground was sustained by the district judge, who also held that, under the act of 1842, no action could be instituted against the surety on the bond, until the necessary steps had been taken against the principal, to enforce payment. The suit was dismissed, and the plaintiffs have appealed.

The judge did not, in our opinion, err. As regards the surety, the act of 1842 is imperative, that the necessary steps must be taken to coerce payment from the principal, before proceeding against the surety on an administrator's bond. See Acts of 1842, p. 303, § 6.

It appears that a suit had previously been instituted against the administrator to render an account and to remove him from office, in which a judgment had been rendered, at the same term of the court at which the present judgment was rendered, dismissing him from his trust, requiring him to render an account of his administration, and to pay ten per cent interest on the amount of the succession funds in his hands, from which the administrator appealed.

The two actions were not inconsistent; but we think that further proceedings should have been suspended in this suit, until the administrator had rendered the account ordered in the previous decree, or until the delay allowed to him for that purpose had expired. The settlement of the account ordered would then have formed the basis of a judgment in this action. To have proceeded in the present suit, to determine the amount of the indebtedness to each heir, would have

been to settle the succession of the deceased, and to render useless that part of the previous decree which ordered the administrator to account. The plaintiffs, however, having proceeded to trial, no alternative was left but to dismiss their action.                                                                   *Judgment affirmed.*