## T. PHELPS et al. *v.* GEORGE S. SAWYER, Administrator.
## GEORGE S. SAWYER *v.* Sureties of STONE.

A judgment rendered against an absent defendant, unrepresented by a curator *ad hoc*, or by a properly constituted agent, will be annulled and set aside.

A suit against the sureties upon an administrator's bond will be dismissed unless there be a judgment against the administrator, or he be made a party defendant.

APPEAL from the District Court of the Parish of Catahoula, *Barry*, J. *Sawyer*, for plaintiff. *Curry* and *Hendry*, for defendant. By the court:

ROST, J. *Samuel P. Stone*, the administrator of the succession of *Elias Carter*, deceased, having absconded without settling his accounts, the plaintiff was appointed in his place, and brought suit to compel him to account. The petition was answered and an account of *Stone's* administration, filed by *Elias Carter, Jr.*, who pretended to be the agent of *Stone*. Judgment was rendered

in favor of the plaintiff, in that suit, for $1031. Execution having been issued on that judgment, and return, " no property found," the administrator brought suit against the sureties of *Stone* on his bond.

The defendants in that suit alleged as one of the grounds of their defence, that the judgment against *Stone* had been obtained by fraud and collusion, and brought a separate action against the administrator to annul it. There were other grounds of defence, which it is unnecessary to notice.

The suit of the administrator against the sureties, and that brought by the sureties to annul the judgment against *Stone*, were consolidated and tried together. The district court annulled the judgment and dismissed the action against the sureties as in case of non-suit. The administrator has appealed.

The power of attorney under which *Elias Carter, Jr.*, represented *Stone* in the first suit, is in evidence. It is essentially a special power, and conferred no authority on *Carter* to defend that suit. The plaintiff had asked for the appointment of a curator *ad hoc*, but no appointment was made ; and as the defendant was unrepresented in the proceedings, the judgment rendered against him was properly annulled and set aside.

There being no judgment against the principal debtor, and he not being made a party defendant in the suit against the sureties, that action was also properly dismissed.

The judgments in both cases are therefore affirmed.