JOSEPHINE CASTILLE v. L. V. CHACÉRÉ, Sheriff, et als.

Under an execution issued against an administrator personally, his property was seized, and, pending an opposition made to the seizure, the property was sold ; on the trial of the opposition the sale was set aside—*Held:* That such a decree was *ultra petitionem,* as at the time the opposition was filed there had been no sale, and to attack the sale, the plaintiff should have filed an amended petition.

Where creditors, whose claims were placed upon the tableau of classification by a judgment of the court, bring a suit against the administrator to dismiss him from office and render him personally liable for their claims—*Held:* That they could not issue execution against such administrator while the question of his liability was at issue and pending in such suits before the court.

The proper course is to take a rule upon the administrator to show cause why execution should not issue against him personally, of which rule he is to have notice.

APPEAL from the District Court of the Parish of St. Landry, *Martel,* J.
B. F. *Linton* and J. E. *King,* for plaintiff. *Dupré & Garland* and *Swayze & Moore,* for defendants and appellants.

SPOFFORD, J. The plaintiff, *Josephine Castille,* administers the succession of her deceased husband, *Onézime A. Boudreau,* in the parish of St. Landry.

*Lobit & Charpentier* and *Madame Francis Ritter* were large creditors of the succession, and were placed upon the tableau of classification as such, by judgment of the court, on the 26th of June, 1856. On the 11th of December, 1856, the following entry appears to have been made upon the minutes of the District Court of St. Landry :

" *Lobit & Charpentier* v. *Josephine Castille,* Administratrix—No. 7941.

" It is ordered, that the administratrix, *Josephine Castille,* file within sixty days a brief statement of her condition as administratrix of the estate of *Onézime A., Boudreau,* showing the funds in her hands belonging to said estate, and that this case be continued as to the administratrix."

A copy of this order was served on *Josephine Castille,* on the 12th of December, 1856.

The order was issued in a suit by *Lobit & Charpentier* against *Josephine Castille,* to procure an account to dismiss her from office, to make her pay ten per cent. damages, *and to render her liable, in her personal capacity,* for the plaintiff's debt, and to obtain execution against her individual property therefore. *Alexander Castille,* the surety on her bond as administratrix, was also made a party defendant, and a similar judgment was prayed for against him. The only judgment we have been able to find in the record of this suit, is one dismissing the claim, as in case of nonsuit, against *Alexander Castille,* but *continuing it* as to *Josephine Castille,* who, it appears, had filed an answer.

We, therefore, consider this suit, as to her, still pending, and the question whether execution shall issue against her personally, for *Lobit & Charpentier's* debt, is still in litigation between them.

The same thing may be said of the suit of *Francis Ritter* v. *Josephine Castille* and *Alexander Castille,* (No. 7911,) which was precisely similar to that of *Lobit & Charpentier,* and in which the same orders were made.

This being the position of affairs, it would seem that, on the 26th of January, 1858, the Clerk of the District Court for the parish of St. Landry, issued executions against *Josephine Castille personally,* for the claims of *Lobit & Charpentier*

71

CASTILLE
*v*
CHACÉRÉ

and *Francis Ritter*, upon the homologated tableau of distribution in the succession of *Onézime A. Boudreau.*

On the 27th of June, 1858, the Deputy Sheriff notified her, that by virtue of this writ issued in the *Succession of Boudreau*, No. 7358, he had seized in satisfaction thereof, all of her rights, title, interest and demand, in and to her father's estate, *Alexander Castille,* deceased.

Thereupon, the plaintiff, *Josephine Castille,* brought the present suit against *Lobit & Charpentier, Francis Ritter* and the Sheriff *Chacéré,* which is in the nature of an opposition to the seizure aforesaid ; first, because the creditors of *Boudreau's* succession, *Lobit & Charpentier* and *Madame Ritter,* had then suits pending and undecided, to maker her liable, *personally,* for the payment of their claims ; and, secondly, because the large succession of her father, *Alexander Castille,* amounting to about $100,000, was still in a state of indivision.

For these, and all other legal reasons, she prayed that the seizure be set aside, and the defendants condemned to pay her $6,000 damages.

The defendants answered by a general denial.

It seems, from a record in evidence, that before this suit was decided, to wit, on the 3d of April, 1858, the plaintiff's interest in the succession of her father, notwithstanding the pending opposition, was sold ; when the creditors, *Lobit & Charpentier* and *Madame Ritter,* widow *Augustin Boudreau,* became the purchasers thereof, on twelve month's credit, for $1,000, although by an appraisement in which *Josephine Castille* refused to join, it had been estimated at $9,000.

There was no amendment made to the pleadings in this suit attacking that sale, or praying any relief in relation thereto.

The District Judge, however, ignoring the only demand contained in the plaintiff's pleadings, on the 10th of the present month, entered up a decree that the sale of the 3d of April, 1858, be set aside for the insufficiency of the description of the property sold, and that defendants pay costs. The defendants have appealed.

The decree is clearly *ultra petitionem.* At the time the plaintiff's pleadings were filed, there had been no sale. If she wished, in this action, to attack the sale, she should have filed an amended petition.

We must, therefore, confine our attention to the only issue made by the parties, which are (first) should the seizure be set aside, and (second) should damages be awarded.

And we are of opinion that the seizure should be set aside, because the writ of *fi. fa.* issued unadvisedly against the defendant in her personal capacity.

The question, whether execution should be had against her personally, was a judicial question at issue and pending before the court between these very parties. The defendants in this suit, plaintiffs in the demand for a personal liability, had no right to decide this question for themselves ; neither had the Clerk a right to decide it.

It is the usual practice to take a rule to show cause why the execution should not issue against an administrator personally, of which rule he is to have notice. See *Carrière* v. *Mayo,* 16 La. 126. It is unnecessary to decide whether, in any case, the party complaining may demand of the Clerk such an execution without a judgment of the court to that effect, upon a petition or rule ; it is sufficient to say, that the defendants herein, having chosen to proceed by petition to fix a personal liability upon the administratrix, were premature in taking out execution before the issue joined between them and the administratrix was disposed of.

The question of damages, as also of the formalities, connected with the sale of 3d of April, 1858, must be reserved for future adjustment. We can only decide now upon the question of the seizure; although it is apparent that if the seizure was improperly made, the sale can be annulled in a proper proceeding.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed; and it is now ordered, adjudged and decreed, that the seizure complained of by the plaintiff be set aside and declared invalid, null and void, as having been made under a writ of *fi. fa.* improperly issued. It is further ordered, that the question of damages, as also all questions growing out of the proceedings of defendants subsequent to the said seizure, be reserved; and that the defendants pay costs in the District Court; those of the appeal to be paid by the plaintiff and appellee.