## No. 10,236.

### Marie C. Chapron et al. vs. Henry Chapron et als.

1. Until the affairs of a succession have been liquidated and ascertained by a final account duly homologated, showing the net balance in the administrator's hands, there is no proof, such as a surety on the administrator's bond has a right to require, of a breach in the condition of the bond, and this is a condition precedent to judicial enforcement of liability against a surety.

APPEAL from the Twenty-sixth District Court, Parish of Jefferson. *Besançon*, J.

---

*Gurley & Mellen* for Plaintiffs and Appellants:

1. The rule that an administrator cannot be sued personally before he renders his final account is not invariable. Where the administrator has been removed for maladministration and all the debts of the succession have been paid, those entitled to the residue may sue him personally on his bond. They should not be remitted to a suit for an account. Ford vs. Kittridge, admx., 28 Ann., p. 113.

2. Where an administrator files an account, which he swears is correct, and the account shows all debts of the succession and expenses of administration to have been paid, and he asks that the account be homologated and he be given authority to distribute the funds in accordance therewith, and the account is homologated, so far as not opposed, and he is removed at once from office for maladministration, and therefore performs no act of administration thereafter, the account is final.

3. Where a fact necessary to be alleged is not set out in the petition, but on the trial of the cause is proved without objection by defendants, it is too late to file an exception of no cause of action. Evidence admitted without objection is binding on all the parties to the suit. 15 Ann. 304; id. 389; 17 Ann. 37; 20 Ann. 241.

4. And so the plea of *res judicata* comes too late if filed after the proof without objection of facts it was pleaded to suppress. (Same authorities.)

5. Heirs at law and widows in community are not bound by the judgment of homologation of an administrator's account, unless cited. The only parties bound by notice published in a newspaper are creditors and legatees. 6 L. 225; 3 Ann. 333; 11 Ann. 412; 16 Ann. 258; 12 Ann. 337; 13 Ann. 97; 32 Ann. 968.

*Rice & Armstrong* and *A. E. Billings* for Defendants and Appellees:

1. A demand for a moneyed judgment against an administrator for funds alleged to have been received by him and not accounted for, will be successfully met by an exception of no cause of action. The suit should be for an account, not for a moneyed judgment. Hodge's Heirs vs. Durnford, 1 Mart., N. S., 126; Flint vs. Wells, 4 La., 537; Succession of Glover, 2 Ann., 809; Tessier vs. Littell, 26 Ann. 603; Granger vs. Reid, 36 Ann. 886, and cases there cited.
2. Suit cannot be instituted against the surety on an administrator's bond, until the necessary steps have been taken to enforce payment from the principal. C. C. Art. 3066; Pickett vs. Gilman, 32 Ann. 391; Galliard vs. Bordelon, 35 Ann. 391: Rev. Stat. Secs. 19, 1476, 2354, 3715, 3724, 3857.
3. On the facts; The record shows that the interest of the minors, in the items sued on, has been paid to the plaintiff, their natural tutrix, in cash.
4. The plaintiff's evidence, at a time when she had no interest to testify incorrectly, that the account was correct, and her possession of the note mentioned in the account, preclude her denial of its correctness, without allegations of fraud or error.

The opinion of the Court was delivered by

WATKINS, J. This is a direct action instituted by the surviving widow in community, and natural tutrix of the minor heirs of J. P. Chapron, deceased, possessing powers of administration, against a former administrator and the sureties on his bond, for moneys alleged to have been collected for the account of said succession, and never paid to its representatives.

Said administrator is alleged to have been discharged from his trust, at the suit of one of his sureties, for acts of maladministration.

The defendants filed, in the first instance, an exception to the prematurity of the suit, based on the ground that no *final* account of the administrator's *gestion* had been filed, and this having been overruled, they filed an answer, pleading the general issue.

After the trial had commenced, and the greater part of the evidence had been introduced, they filed an exception of no cause of action, which seems to have been grounded, also, upon the absence of a final account. At the conclusion of the administration of proof, they filed a plea of *res judicata*, predicated upon a judgment homologating the account of the administrator.

In effect, defendants pleaded no cause of action, because no *final* account was ever filed; and, in the alternative they plead *res judicata* as to the plaintiffs' demands, if the account filed was a *final* one.

The judgment substantially overrules the plea of *res judicata*, sustains the exception of no cause of action, and dismisses plaintiffs' suit; and they have appealed.

The simple question for consideration is, whether the administrator had filed a *final* account of his dealings with the succession he represented.

The following averment is found in plaintiffs' petition, viz :

" That the inventory of the property of said succession, duly approved and homologated by this court, shows, besides immovables, the following property to belong to said succession, viz : $5273 15 in the hands of J. J. Fernandez in New Orleans; a note of Agelie Chapron for $1375, and a claim against her for $200. That all of said property was community property, and petitioner was and is entitled to one-half thereof in full ownership, and to the possession and usufruct of the other half inherited by the said children, as heirs aforesaid. That said Henry Chapron, as administrator, collected said sums * * * aggregating $6848 15. That said Chapron has never paid said moneys, nor any part thereof, to said succession, or to petitioner, but, on the contrary, in gross violation of his duties as such administrator, has wrongfully and illegally retained said moneys, and appropriated the same to his own individual use."

The substance of these averments is, that the administrator received, and converted said moneys while in office, and failed to pay over, or account for the same, on his destitution.

The record shows that the administrator, in response to a rule taken by one of his sureties, filed an account of his administration, during the years 1881, 1882, 1883 and 1884. This was accompanied by a memorandum, showing the total amount of succession funds administered upon, but the accounts themselves merely make a *resumé* of collections and disbursements during the pendency of the administration. They do not appear, or purport to show the *balance* of funds in the hands of the administrator, or to account for *all* of the effects of the succession he administered.

Hence neither the averments of the petition, nor the proof adduced on the trial, disclose a state of facts on which a final settlement can be made, or a final judgment rendered.

We are of opinion that plaintiffs have mistaken their remedy. Their proper action was one for an account.

In Lay vs. Succession of O'Neal, 27 Ann. 643, it was said : "We think the exception should have been sustained. Instead of following the plain provisions of Article 998, of the Code of Practice, and calling

upon the executrix of the deceased to file an account of the tutorship of O'Neal, and by opposition to the account raised issues involving its correctness, and then having the various matters in contestation, in their regular order, duly and regularly proceeded with and determined, and the tutor's liability, if any, definitely fixed by final judgment of the probate court, the plaintiffs bring this suit against the succession of O'Neal for an *arbitrary* amount which they fix themselves as the indebtedness of the tutor, and pray judgment for that sum. * * We regard the proceeding in this case as irregular, and not in conformity with law, and conclude that it cannot be maintained."

In Granger vs. Reed, 36 Ann. 845, suit was for the recovery from a defunct administrator of certain funds he had collected and retained, and this court said:

"This consideration fairly illustrates the wisdom of the rule of jurisprudence which prescribes that in such cases the action should not be for a moneyed judgment against an unfaithful administrator, but it should be for an account." Galliard vs. Bordelon, 35 Ann. 390 ; Pickett vs. Gilmer, 32 Ann. 997.

These opinions are in keeping with the provisions of the Civil Code Revised Statutes and previous opinions.

Until the affairs of the succession have been liquidated and ascertained by a final account, duly homologated, showing the net balance in the hands of the administrator, there is no proof, such as the surety on the administrator's bond has a right to require, of a breach having been made in the conditions thereof, which is a condition precedent to the judicial enforcement of the surety's liability. R. C. C. 3066 ; Wilson vs. Murrett, 6 R. 68 ; Hodges Heirs vs. Durnford, 1 N. S. 126 ; McMicken vs. Millaudon, 2 La. 184 ; Flint vs. Willis, 4 La. 537 ; Philps vs. Sawyer, 7 Ann. 551 ; Tessier vs. Little, 26 Ann. 603.

Judgment affirmed.