No. 12,994.

DESIRE HAYES ET ALS. vs. J. C. DUGAS ET ALS.

SYLLABUS.

(1) In a suit by married women the mere statement they are joined and assisted by their husbands will not suffice. C. C., Art. 14; C. P., Art. 106; 2nd Ann., p. 140; 7th Ann. 477; 11th Ann. 265.

(2) The suit against sureties on an administrator's bond will not be defeated. because the creditors have not notified their judgment against him to the administrator, or called on him for a statement of the succession funds in his hand, there having been a final account filed by the administrator and. homologated showing the succession funds in his hands and fixing the amounts due the heirs.

(3) Our law requires before suit can be brought against sureties on the bonds. of administrators all necessary steps shall be exhausted to procure pay· ment from the administrator; the final judgment against the administrator, the execution returned *nulla bona* after the diligent effort to make the money and calls on the parties constitute a substantial compliance with the requirement as to suits of this character. R. S., Section 3715; C. C., Art. 3066; 4th Ann. 486; 35th Ann. 390.

(4) The sureties will not be discharged because of the mortgage on the records in favor of the individual who was the administrator, securing a note pay-able to him, it not being shown the plaintiffs could have seized the note extant in the hands of the holder, whoever he might be.   6th Ann. 530; 9th Rob. 504; 1st H. D. *Vide* Execution of Judgment, p. 345, No. 5.

O N APPEAL from the Nineteenth Judicial District Court for the Parish of Iberia.   *Voorhies, J.*

*Foster & Broussard* for Plaintiffs and Appellants.

*Martin & Voorhies* for Defendants and Appellees.

Argued and submitted January 11, 1899.
Opinion handed down February 6, 1899.
Rehearing refused February 20, 1899.

The opinion of the court was delivered by

MILLER, J.   The defendants are sued as sureties on the bond of an administrator, and the plaintiffs appeal from the judgment against them.

The plaintiffs are the heirs of the deceased.   The record shows the homologation of the final account of the administrator, exhibiting the amounts in his hands allotted to the plaintiffs, the issue of an execution against the administrator for these amounts he was directed to pay the plaintiffs and the return *nulla bona* on the execution.

The demand of the plaintiffs is resisted on the grounds that two of the plaintiffs are married women not authorized to sue, that plaintiffs have shown no notification of the plaintiffs' judgment to the administrator or call on him for a statement of his condition as administra-

tor, with regard to the succession funds as directed by the articles 1053, 1056, of the Code of Practice, and that plaintiffs have discharged defendants by not subjecting to the demand they make on the sureties, their property plaintiffs it is claimed could have seized.

The defence in part is based on the statutory requirement that there is no recourse against the sureties on judicial bonds until the necessary steps have been unavailing against their principals. Civil Code, Article 3066; Revised Statutes, Section 3715. These necessary steps have had frequent exposition in our jurisprudence, and include in the main the recovery of final judgment against the administrator or executor, the issue of an execution, and the return *nulla bona,* after due diligence to make the money and the calls on the parties. Nicholson vs. Ogden, 4th Ann. 436; Gaillard vs. Bordelon, 35th Ann. 390. The argument insists that in this case, it is equally indispensable to maintain the plaintiffs' suit to show the notification to the administrator of the judgments, and the call on him for the condition, or rather the amount of the succession funds in his hands directed by the Code of Practice. Articles 1053, 1055, 1056. It is not easy to appreciate the necessity in this case of such notification or call. We are referred to the decision in Wilson vs. Murrell, 6th Rob. 68, as supporting this contention, but in that case it seems the account of the administrator was ordered to be amended, and there was, as we read the decision, only a judgment of partial distribution. In this condition the Supreme Court held that before the succession creditor could sue on the bond of the executor, it was essential to notify the administrator of the judgment of the creditor, and call on the administrator for a statement of the condition of the succession funds in his hands as directed by the articles of the Code of Practice on the subject. In this case the amount of the succession funds in the administrator's hands, and the amounts to be paid to the plaintiffs are determined by the final judgment. We perceive in the brief a reference that might be deemed to convey the idea that there are still succession creditors unpaid, but as we read the record the judgment fixes the amounts due by the administrator to the plaintiffs as heirs. Hence, we cannot apply the articles of the Code so as to require a call for a statement of the succession funds the homologated account furnishes, or to exact a notification to the administrator of a judgment homologating the account rendered by him.

On the other branch of the defence based on the mortgage recorded

in favor of Norres, securing the promissory note for six thousand dollars, which it is claimed the plaintiffs should have subjected to their judgment, it suggests itself that neither the debt represented by the note, nor the mortgaged property, could have been subjected to the plaintiffs' execution, unless they obtained possession of the note. It is true there was recorded a donation of the note by Norres, but if the note was transferred to the donee, he, in turn, must have parted with it. The plaintiffs made two efforts to seize the note by garnishments against parties they supposed held it as the property of Norres. These efforts resulted in the denial by the garnishees of the possession or control of the note. Finally, the note turned up in the hands of the People's Bank pledgees, who on their judgment on the note seized and sold the mortgaged property in satisfaction of the debt of the bank. We have no basis to hold that the defendants have been discharged from their obligation as sureties, because of a promissory note once the property of the principal debtor, with no proof that the plaintiffs could have seized the note essential to have seized the debt the note represented. Stockton vs. Stanbrough, 3rd Ann. 390; Succession of Lauve, 6th Ann. 530; Simpson vs. Allain, 7th Rob. 504; 1st Hennen's Digest, p. 345, No. 5.

The exception of the defendant directs attention to the institution of this suit by the married women, joined with the other plaintiffs, and the exception is that the wives thus made plaintiffs are neither authorized by their husbands nor by the court. We think the exception well taken. We find neither authorization. The recital in the petition that the wives are joined and assisted by their husbands is not the equivalent of the authorization of the husbands appearing of record, nor can we hold the suit is by the husbands, as they are not introduced as plaintiffs. Code of Practice, Articles 106. Civil Code, Art. 121; Grover vs. Clarke, 7th Ann. 177; Dunn vs. Woodward, XIth Ann. 265; Lacour vs. Delamarre, 2nd Ann. 140; Robinson vs. Butler, 6th Rob. 78.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, and it is now ordered and decreed that this suit in so far as respects the demands of Delanson Hayes, wife, Sallie Gordy, wife, Louisa Cook, wife, Mary Stansbury, wife, joined as plaintiffs herein, be and it hereby is remanded to enable the said maried women to obtain the authorization requisite to prosecute their suits; it is further ordered, adjudged and decreed

·that each of the plaintiffs, save said married women, do have and recover from defendants *in solido* the amounts severally claimed by the said plaintiffs as stated in the petition, with legal interest thereon, and that save the costs incident to the suits by married women to be paid by plaintiffs, that the defendants pay costs.