[4] In the course of his argument the district attorney said:

"We have no sworn testimony that Fed Stewart did not participate in that robbery. I say to you, gentlemen, that it is a fact that there is no sworn testimony, absolutely none, on behalf of the defense, as to where these two men were the night of the robbery."

It is contended that by this the district attorney commented on the fact of the accused not having testified in their own behalf. Had counsel not suggested that idea, it would not have occurred to us, as the said remark is not of itself necessarily suggestive of it.

Judgment affirmed.

---

(72 South. 430)

No. 20585.

W. B. THOMPSON & CO. v. AMERICAN SURETY CO.

(June 30, 1916.)

*(Syllabus by the Court.)*

EXECUTORS AND ADMINISTRATORS ☜537(2)— SUCCESSION—LIABILITIES ON BOND—RIGHT OF ACTION—CONDITIONS PRECEDENT.

An action will not lie against the surety on the bond of an administrator "until the necessary steps have been taken to enforce payment against the principal."

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2453, 2488–2499; Dec. Dig. ☜537(2).]

Appeal from Twenty-First Judicial District Court, Parish of Pointe Coupee; Joseph E. LeBlanc, Jr., Judge.

Action by W. B. Thompson & Company against the American Surety Company of New York. From a judgment for defendant, plaintiff appeals. Modified and affirmed.

Hewes & Smith, of New Roads, for appellant. Albin Provosty, of New Roads, for appellee.

### Statement of the Case.

MONROE, C. J. Plaintiff (a commercial firm) seeks to recover from defendant, as surety of the administratrix of the succession of Oliver St. Dizier, deceased, amounts aggregating $10,840.82. The trial judge reached the conclusion that the suit had been "prematurely instituted and must be dismissed at plaintiff's cost," and, so stating in his written opinion, gave judgment "rejecting the demands of said plaintiff and dismissing its suit." Plaintiff has appealed; defendant has not answered the appeal; and, as the case has been considered, in the trial court, only with reference to the question of prematurity vel non, we shall confine our attention to that question and the question of the proper judgment to be rendered in the premises.

The suit is the latest proceeding in a long litigation, the general features of which, briefly stated, are as follows:

Oliver St. Dizier, planter and merchant, doing business in the parish of Pointe Coupee, and conducting his mercantile business as senior member of the firm of O. St. Dizier & Co., died in 1907, and his widow was appointed administratrix of his succession, with the defendant herein (after an interval) as the substituted surety on her bond of $20,000. On September 21, 1909, the administratrix filed a provisional account, to which plaintiff herein interposed an opposition, alleging that it was a creditor of St. Dizier & Co., and of the succession and was entitled to be so recognized, further alleging that the administratrix had failed to account for various items of property and money belonging, or due, to said firm, and to the estate; that she claimed certain credits, to which she was not entitled, and proposed to make certain payments, which were unauthorized; and praying that the account be amended; and there was judgment, April 18, 1910, directing that opponent be recognized as an ordinary creditor and that the account be amended in several other particulars, as prayed. On May 19, 1910, an amended provisional account was accordingly filed, to which, also, plaintiff interposed an opposition (not copied in the transcript), and there was judgment, on February 29, 1912, ordering a further amendment, and, by virtue of which, it is claimed by plaintiff (and denied by defendant) that it (plaintiff) was accorded the status of a preferred creditor and ordered to be paid, as such, from funds in the hands of the administratrix. Thereafter, on August 3, 1912, Mrs. St. Dizier died, and her son James O. St. Dizier was appointed administrator of her succession, and, on April 28, 1913 (nearly nine months after her death), he succeeded his mother as administrator of his father's succession. In the meanwhile that succession having no representative, several of the judgment creditors caused writs of fieri facias to issue by virtue of which a balance in bank to the credit of the deceased administratrix was seized and appropriated to the payment of their claims; plaintiff, proceeding under the judgments rendered in its oppositions, having realized $183.38 in that way on April 18, 1913, and on July 9th following, having issued another fi. fa., under which the sheriff made a demand on the then administrator (of the succession of Oliver St. Dizier), and also on the plaintiff, to point out property, and, on their failure so to

do, "by order of plaintiff's attorney," returned the writ "not satisfied."

In September, 1913, without further proceedings against the administrator of the succession of Oliver St. Dizier, the deceased principal upon the bond here sued on, plaintiff brought this suit against her surety, alleging the matters thus stated and also that the succession of Mrs. St. Dizier is insolvent.

### Opinion.

The Civil Code declares that:

"Art. 3035. * * * Suretyship is an accessory promise, by which a person binds himself for another already bound, and agrees with the creditor to satisfy the obligation, if the debtor does not."

"Art. 3066. * * * A judicial surety cannot demand the discussion of the property of the principal debtor.

"But no suit shall be instituted against any surety on any appeal bond, nor on the bond of any administrator, tutor, curator, executor or syndic, until the necessary steps have been taken to enforce payment against the principal.

"The mode of proceeding against sureties on official bonds is prescribed by special laws."

See, also, R. S. §§ 1476, 2354, 3715, 3724.

The law prescribing the "necessary steps" to enforce, against the administrator, the payment of a claim due by a succession, as a condition precedent to a suit against the surety on the bond of such administrator, is found, in the main, in articles 987, 989, 1053, 1054, 1055, 1056, 1057 of the Code of Practice. Carriere & Borduzat v. Meyer et al., 16 La. 126; Wilson v. Murrell, 6 Rob. 68; Kemper v. Splane et al., 4 La. Ann. 486; Phelps v. Sawyer, 7 La. Ann. 551; Castille v. Chacere, 13 La. Ann. 561; Lobit & Charpentier v. Castille, 13 La. Ann. 563; Pickett v. Gilmer, 32 La. Ann. 991; Gaillard v. Bordelon, 35 La. Ann. 390; Chapron v. Chapron, 41 La. Ann. 486;[1] Succession of Comstock, 44 La. Ann. 429, 10 South. 850; Wieman v. Mainegra, 112 La. 308, 309, 36 South. 790.

The learned counsel for plaintiff say, in their brief:

---

[1] 6 South. 810.

"In the case at bar, the liability of the estate of St. Dizier was specially determined by a judgment of court; the liability of the administratrix of his succession was specially fixed by the judgment amending and homologating the tableau of distribution of the funds of the estate of St. Dizier."

The counsel confuse the judgments obtained for their client against the succession with the proceedings and judgment which the law requires to be taken and obtained against the administratrix, personally, in order to make her, or her surety, liable for such judgments, if, without legal justification, she has failed or refused to pay them.

The counsel further say:

"The proper judicial proceedings, establishing the insolvency of the deceased principal of the bond, were instituted and conducted when the succession of Mrs. St. Dizier was opened and her property inventoried and sold by order of court, and the sum realized from the sale was not sufficient to pay and satisfy the debts listed and made part of the petition provoking the probate sale."

We find nothing in the transcript upon the subject of the solvency or insolvency of the succession of Mrs. St. Dizier, save the allegation to that effect in the petition.

There is no evidence in support of that allegation, and no admission in the answer of the defendant, which merely admits the death of Mrs. Julia Hurst St. Dizier; admits that her succession was opened, as alleged, etc., and "that the property of her estate was sold for the purpose of settling her debts, as alleged in article 14" (of the petition).

But, if it had been shown that the succession of Mrs. St. Dizier, was, and is, insolvent, that fact would not deprive her administrator of the right to a hearing upon the question of its liability to plaintiff herein, and, still less, would it deprive the surety on her bond of the right to invoke the plain provisions of article 3066 of the Civil Code, which we have quoted, and those of the Code of Practice, which we have cited.

In Hayes v. Dugas, 51 La. Ann. 447, 25 South. 121, to which we have been referred, the court seems, as the counsel have done, to have confused the judgment against the succession with the proceedings required in order to enforce the personal liability of the administrator who fails to show good reason for not having paid such judgment, after having been ruled to make such showing. The case seems to stand alone in our jurisprudence.

In Chapron v. Chapron, 41 La. Ann. 486, 6 South. 810 (being the only other case cited by plaintiff's counsel), the court said:

"The simple question for consideration is whether the administrator had filed a final account of his dealings with the succession he represented."

And, as counsel say in their brief:

"The court expressed the opinion that plaintiffs should have demanded accounting, and held:
"Until the affairs of a succession have been liquidated and ascertained by a final account, duly homologated, showing the net balance in the administrator's hands, there is no proof, such as a surety on an administrator's bond has a right to require, of a breach of the condition of the ·bond, and this is a condition precedent to judicial enforcement of the liability against a surety."

In the case thus cited, the widow and heirs brought suit upon an unliquidated claim to recover, from a former administrator, moneys alleged to have been collected by him, and the case has but little application here. It does not appear to us to sustain any proposition relied on by the learned counsel by whom it is cited.

We are of opinion that the district court erred, after holding the suit to be premature, in rejecting the demand, by final judgment.

It is therefore ordered that the judgment appealed from be amended, in so far as that this proceeding is now dismissed, as in case of nonsuit, and, as thus amended, affirmed; defendant to pay the costs of the appeal.

PROVOSTY, J., recused himself.