(81 South. 731)

(No. 22995.)

W. B. THOMPSON & CO. v. AMERICAN SURETY CO.

(Feb. 3, 1919.   Rehearing Denied May 5, 1919.)

*(Syllabus by Editorial Staff.)*

EXECUTORS AND ADMINISTRATORS ⟐⟐534—SUCCESSION—ADMINISTRATION BONDS—PROCEEDINGS AGAINST PRINCIPAL.

Proceedings by judgment creditors of a succession, under Code Prac. art. 1065 et seq., against one who succeeded the administratrix of the succession on her death, by which her liability to the creditors for funds belonging to the succession and her insolvency were established, *held* to justify suit by the creditors against her surety under Civ. Code, art. 3066.

Appeal from Twenty-First Judicial District Court, Parish of Pointe Coupee; Joseph E. Le Blanc, Jr., Judge.

Suit by W. B. Thompson & Co. against the American Surety Company. Judgment for plaintiffs and defendant appeals. Affirmed.

Albin Provosty, of New Roads, for appellant.

Hewes & Smith, of New Roads, for appellees.

SOMMERVILLE, J.  Plaintiffs are ordinary judgment creditors of the succession of O. St. Dizier, in a sum exceeding $12,000, with interest, and attorney's fees. They opposed the first provisional tableau of distribution filed by the administratrix of the succession, and there was judgment maintaining their opposition, reading, in part, as follows: After striking from said tableau several items amounting to $10,061.37, which had been opposed by Thompson & Co., the judgment proceeds:

"It is further ordered, adjudged, and decreed that the said sum, amounting to the sum of $10,061.37, as hereinabove set forth, be placed upon the tableau as herein amended, to be paid to W. B. Thompson & Co., ordinary creditors of the firm of O. St. Dizier & Co., who are recognized as creditors to whom the commercial firm of O. St. Dizier were indebted prior to the death of Olivier St. Dizier.

"It is further ordered, adjudged, and decreed that, except as herein amended, the amended first provisional tableau be homologated and made a judgment of this court.

"It is further ordered, adjudged, and decreed that the administratrix proceed to dispose of the said funds in accordance with the said tableau as herein amended and homologated. * * * *"

The creditors displaced on this tableau did not appeal from the judgment; neither did other creditors of the succession. The administratrix only appealed; and the judgment was affirmed on appeal. Succession of O. St. Dizier, on Opposition of Thompson & Co., 132 La. 657, 61 South. 727.

Mrs. St. Dizier, widow of O. St. Dizier and administratrix of his succession, died August 3, 1912, without having complied with the judgment of the court by paying to Thompson & Co. the money which she had represented to the court to have had in hand to the credit of the succession of St. Dizier, and without having rendered a final account in that succession. She was succeeded by her son, James O. St. Dizier, as administrator of his father's succession, April 28, 1913. James O. St. Dizier was also made administrator of his mother's succession.

A small amount was found in bank to the credit of Mrs. St. Dizier which belonged to the succession of O. St. Dizier, and Thompson, together with other creditors, caused writs of fieri facias to be issued, and that amount was seized and divided among said creditors. Subsequently Thompson & Co. caused another writ of fieri facias to issue against said succession, and it was returned not satisfied; the sheriff reporting that he was unable to find any property belonging to the succession.

Subsequently Thompson & Co. instituted suit against the American Surety Company,

the surety on the bond of the administratrix, for the amount of their judgment against the succession of O. St. Dizier; and it was held that the suit was premature, as the necessary steps had not been taken against the principal on the bond, Mrs. St. Dizier, or her succession, as a condition precedent to suing said surety; and there was a judgment of nonsuit. Thompson & Co. v. American Surety Co., 139 La. 888, 72 South. 430.

Thompson & Co. have instituted this second suit against the surety company, and in their petition allege the death of Mrs. St. Dizier, administratrix; nonpayment of the $10,061.37 by her to them, and that the amount still remains unpaid; that the succession of Mrs. St. Dizier was opened and the property therein inventoried at about $2,000, which property was sold at public auction, and that the amount was not sufficient to satisfy her private debts; that her succession was insolvent; that a final account and tableau of distribution have been filed therein, showing that the estate was insolvent; that the tableau had been duly homologated, and the administrator discharged; that they caused another writ of fieri facias to issue against the succession of St. Dizier, which was returned not satisfied, the sheriff being unable to find any property belonging to said succession; that they took a rule upon James O. St. Dizier, administrator of the succession of O. St. Dizier, to compel him to file a statement of his administration; that James O. St. Dizier, administrator, answered said rule, alleging that he had no property or money belonging to the estate of O. St. Dizier, and that he knew of none; that at no time had he had under his control or in his custody money or property belonging to said succession; that a judgment was rendered making the rule absolute and decreeing that there were no funds belonging to the estate of said O. St. Dizier with which to pay and satisfy the unpaid items on the amended provisional account which had been homologated by the court; that they had exhausted their remedies against the estates of Mr. O. St. Dizier and Mrs. St. Dizier, the administratrix; that the funds in the hands of Mrs. St. Dizier, administratrix, which funds she was condemned to pay to your petitioners by final judgment, were dissipated and cannot be found, and apparently that same never came into the possession of or under control of the present administrator, James O. St. Dizier; and they asked for judgment for said amount from the defendant, surety on the bond of Mrs. St. Dizier, administratrix.

Defendant, answering the petition of plaintiffs, "shows that the succession of the said Olivier St. Dizier was largely insolvent; the assets thereof having proved insufficient to pay the privileged and preferred creditors thereof." But it denied the insolvency of the succession of Mrs. St. Dizier, administratrix.

"Further answering, respondent avers that the petitioners herein have failed to exhaust, as a necessary prerequisite to this suit, the remedies prescribed by law against the succession of Olivier St. Dizier, deceased, and the representative thereof, and that therefore petitioner herein is without legal right to prosecute this suit against respondent."

"Further, that plaintiffs do not allege in their petition that Mrs. Julia Hurst St. Dizier, principal on the bond herein sought to be enforced against respondent, was at any time, in her capacity as administratrix, possessed of funds sufficient and available, if properly administered, to pay all the ordinary creditors of the succession, or to pay petitioners in particular, petitioners being merely ordinary creditors, and, as aforesaid, not entitled to any preference, and for the further reason that, even if petitioners herein were privileged creditors, it is not alleged in said petition that the funds attributable to the payment of privilege creditors would have been sufficient to pay petitioners' claim in full along with those of other privilege creditors entitled to equal preference."

The allegations of the petition were proved by competent evidence.

The evidence in the record shows that

since the rendition of the judgment by this court in 139 La. 888, 72 South. 430, plaintiffs have caused another writ of fieri facias to issue, January 4, 1917, against the succession of O. St. Dizier, which was returned by the sheriff not satisfied; no property of said succession having been found.

There was offered in evidence the inventory of the succession of O. St. Dizier, taken September 26, 1912, after the death of Mrs. St. Dizier, administratrix of that succession, and prior to the issuance of letters to Dr. James O. St. Dizier, administrator, showing that the only asset of that succession was the sum of $2,964.43 on deposit in the Bank of New Roads, of New Roads, La., to the credit of Mrs. Julia Hurst St. Dizier, administratrix of the succession, and the bond for $30,000 of the defendant company as surety on the bond of the administratrix; and the record also shows that plaintiffs ruled James O. St. Dizier, administrator of the estate of Olivier St. Dizier, into court, to show cause why he should not file a true statement of his administration, and upon his failure so to do that he be condemned to pay to them the sum of $10,061.37. The administrator answered said rule showing that he had had no money with which to satisfy the amount claimed by plaintiffs; that he knew of no money or property depending upon the estate which could be used to pay or satisfy those demands; that when he qualified as administrator, as the successor of Mrs. Julia Hurst St. Dizier, the deceased administratrix, the only property which could be found and belonging to the estate of O. St. Dizier was the sum of $2,964.43 deposited in the Bank of New Roads to the credit of Mrs. Julia Hurst St. Dizier, administratrix, and that that sum of money was seized by certain judgment creditors of the estate; that the estate of Mrs. St. Dizier was opened; that respondent qualified as the administrator thereof, and that all the property belonging to her estate was sold at public auction by order of court to pay the personal debts of Mrs. St. Dizier; that her estate was insolvent, the funds derived therefrom not being sufficient to pay and satisfy her said debts; that, never having had in his possession or under his control either property or funds belonging to the estate of Olivier St. Dizier, and knowing of no money or property belonging to the said estate of which he could gain possession or control, and knowing of no money or property belonging to his predecessor, Mrs. Julia St. Dizier, the deceased administratrix, respondent averred that it was impossible for him to make the disbursements as set forth in the homologated amended first provisional account and tableau of distribution of the funds of the estate of Olivier St. Dizier; that, having neither money nor funds in his possession or under his control belonging to the estate of Olivier St. Dizier, or to the estate of the deceased administratrix of that succession, it was impossible for him to render a final account and tableau of distribution, or to make a distribution according to the account and tableau heretofore filed by his predecessor, Mrs. Julia Hurst St. Dizier. He thereupon asked that the answer filed to the rule of plaintiffs be accepted as his final account as administrator of the estate of Olivier St. Dizier, and that he be discharged from his trust, his bond canceled, and his surety relieved. There was judgment on said rule to the effect:

"That the said rule be made absolute; that the answer to the rule that has been herein filed by the administrator be considered and treated as a final account and tableau of distribution and a true statement of the affairs of the estate. It is further ordered, adjudged, and decreed that there are no funds now belonging to the estate of Olivier St. Dizier with which to pay and satisfy the unpaid and unsatisfied items on the amended provisional account and tableau of distribution filed in this estate by Mrs. Julia Hurst St. Dizier, administratrix of the estate, and which said account and tab-

leau of distribution has been homologated by this honorable court; further decreed that the sum of $10,061.37 is still due to W. B. Thompson & Co., and remains unpaid, but subject to a credit to $183.38, of date April 30, 1913, which said sum of $10,061.37 has been judicially decreed to be paid by preference and priority to and over certain designated creditors of the said estate."

The proceeding of plaintiffs by rule against the administrator of the succession was regular, in accordance with article 1056, C. P.

The administrator refused to pay the amount claimed by plaintiffs, on the ground that he had not, and never had had, in his possession any funds belonging to the succession of O. St. Dizier, which fact was proved, although it was shown that the predecessor of the present administrator had had the funds in her hands belonging to the succession of O. St. Dizier, necessary to pay the judgment of plaintiffs. Mrs. St. Dizier did not pay plaintiffs; she breached her obligation; and plaintiffs were therefore entitled to issue execution against the succession of Mrs. St. Dizier, the deceased administratrix. Besides, defendant has in its answer also admitted that the succession of O. St. Dizier was insolvent.

The foregoing judgment is not only regular, but it is now final between the parties thereto; and it cannot be attacked collaterally. The administrator of the succession of St. Dizier did not file the regular final account and tableau of distribution as is provided for in the Code, for the reason given by him in his answer to the rule taken by plaintiffs to compel him to file such account and tableau, which was entirely satisfactory to the judge of the probate court; and the judgment rendered in the proceedings is binding on the parties thereto.

Plaintiffs have a final judgment against the succession of O. St. Dizier, and they had the right to proceed against the administratrix of that succession to compel her to pay them the amount of their judgment to the extent of the funds of the succession then in her hands, as fixed by the trial court on the opposition of plaintiffs to the amended provisional account.

It only remains now to consider whether plaintiffs took the necessary steps against the succession of Mrs. St. Dizier to proceed against this defendant, as surety on her bond as administratrix.

The accounts filed by Mrs. St. Dizier, as administratrix, showed that she had certain funds in her hands with which she proposed to pay certain creditors, whom she denominated as privilege creditors, and that by final judgment of court a number of those alleged privilege creditors were declared not to be creditors of the succession. Their names were ordered stricken from the account, and the several amounts which she proposed to pay to these alleged privilege creditors were ordered to be paid to Thompson & Co. The inventory in her succession showed that she did not have any property belonging to the succession of her husband, except about $2,000.

The final account and tableau of distribution in the succession of Mrs. St. Dizier declared:

"This succession was insolvent, and the amount realized at said sale was not enough to pay the law charges, costs of administration, etc., and certain debts secured by privilege and mortgage. Out of said funds your accountant paid in the order of their rank the following law charges and privilege and mortgage debts: * * *

"Your accountant shows that the debts above stated were secured by privilege, and that said creditors were entitled to pay in the full amount of said debts by preference and priority over all other creditors of this succession, and that the payment of said debts exhausted all the funds in his hands realized from the sale of all the property of this succession, leaving nothing for other creditors or the heirs."

There was judgment approving and promulgating said final account and tableau and it was "further ordered, adjudged, and decreed that Dr. James O. St. Dizier, administrator, be, and he is hereby, discharged from his trust, and that his bond as such be and the same is hereby canceled."

The administrator of the succession of Mrs. St. Dizier declared in his return to a rule taken in the succession of O. St. Dizier that all of the property belonging to the succession of Mrs. St. Dizier "was sold at public auction by order of this honorable court, which sale was provoked to pay the personal debts of the said Mrs. St. Dizier; that her estate was insolvent, the funds derived therefrom not being sufficient to pay and satisfy her said debts." He further declared in answer to said rule:

"That he knew of no money or property belonging to his predecessor, Mrs. Julia Hurst St. Dizier, the deceased administratrix of the estate."

Continuing he said:

"That, having neither money nor funds in his possession or under his control belonging to the estate of Olivier St. Dizier or of the estate of the deceased administratrix of the succession of Olivier St. Dizier, it is impossible for him to render a final account and tableau of distribution, or to make a distribution according to the account and tableau heretofore filed by his predecessor, Mrs. Julia Hurst St. Dizier."

Again, Dr. J. O. St. Dizier, as a witness, testified that the succession of his mother, Mrs. St. Dizier, was insolvent, and that he did not know of any property whatever belonging to either his mother or his father which had not been disposed of. Mr. J. P. Gosserand testified that he knew of no funds or property belonging to the succession of Olivier St. Dizier or of his deceased wife, Mrs. Julia Hurst St. Dizier.

Plaintiff has thus established by documentary and oral evidence that the succession of Mrs. St. Dizier is insolvent, and that plaintiffs have taken the necessary steps provided for in article 3066, C. C., to enforce payment against the principal to give them a standing in court to sue on the bond of that principal.

The plaintiff, under articles 1065, 1066, and 1067, C. P., proceeded against the administrator, who informed the court that he had no property in his hands to satisfy the claim of plaintiffs. In the case of Gaillard v. Bordelon, 35 La. Ann. 390, the court, in refusing to sustain the claim of plaintiff against the defendant surety, proceeded to say:

"If her [the administratrix's] insolvency had been judicially determined in mortuary proceedings duly opened, the case might fall within the authority of Succession of Lynch, 14 La. Ann. 235."

And therein the court said:

"When, as in the case at bar, the principal is dead, and a tableau of his succession has been filed, from which it appears that his estate will not be able to pay the whole of his obligations, and when also the security upon one or more of his obligations is dead, and a tableau of his succession has been filed, we are of the opinion, in such a case as this, that the obligation can be enforced at once against the estate of the security, and that it is not necessary, under such state of facts, to proceed by rule or other mode against the estate of the principal, to show cause why it should not pay the amount due."

A similar ruling was made in Hayes v. Dugas, 51 La. Ann. 447, 25 South. 121.

In this case there is a final judgment against the succession. It is shown that the administratrix breached the conditions of her bond by failing to pay the plaintiffs the money belonging to the succession of O. St. Dizier which she admitted to have in her hands at the time the judgment was rendered in favor of plaintiffs ordering her to pay it to them, and that there is the return of no property found on the writ of fieri

facias. The insolvency of the succession of O. St. Dizier and of his wife, Mrs. St. Dizier, the latter being the principal on the bond, is also shown. And notice to the parties in interest was given. The necessary steps were taken by plaintiffs to authorize them to institute this proceeding against the defendant surety company, and they have proved their case.

The judgment appealed from is affirmed, with costs.

PROVOSTY, J., takes no part, not having heard the argument.