Judgment affirmed; stenographer's costs to be paid by the plaintiff.

27 So.2d 158

**POSEY et al. v. HAMNER et al.**

No. 37975.

May 27, 1946.

Oglesby & Oglesby, of Winnfield, and Percy E. Brown, of Arcadia, for plaintiffs-appellants.

Goff, Goff & Caskey, of Arcadia, for defendants-appellees.

HAMITER, Justice.

Plaintiffs, in this action instituted against the sureties on a tutor's bond, are appealing from a judgment dismissing their suit, the district court having sustained defendants' plea of prematurity and an exception to the capacity of the representative of two of the claimants under the bond.

Following the death of Mrs. Ethel M. Posey, so the allegations of the petition disclose, her husband, D. H. Posey, was confirmed by the district court of Bienville Parish as the natural tutor of their several minor children. In qualifying, instead of causing to be recorded in the mortgage records of that parish an extract of the inventory of his deceased wife's estate, he furnished a bond in the sum of $3,000 with the Hartford Accident & Indemnity Company as surety.

On August 13, 1926, the natural tutor filed his annual account, listing thereon property belonging to the minors of the value of $2,171.50. At the same time, pursuant to authorization obtained from the court, he substituted a legal mortgage (effected by the recordation of an extract of inventory) for the surety bond that he gave when qualifying.

Some months later, specifically on December 29, 1926, the tutor obtained a court order permitting him to sell at private sale, in order to effect a partition, the interests of the minors in both the personal and real property which he owned in indivision with them. The sale was consummated as authorized, one W. L. Hamner being the purchaser; but the minors' legal mortgage that encumbered the property was not then canceled.

On May 17, 1928, D. H. Posey, the tutor, presented a petition to the court praying

for authority to furnish a personal bond in lieu of the minors' mortgage resulting from the recordation of the extract of inventory. The necessary order issued, the legal mortgage was canceled, and there was substituted for the latter a bond signed by W. L. Hamner (the purchaser of the property) and E. W. Merritt as sureties.

The father and tutor died on August 14, 1941, without having rendered any account other than the one of August 13, 1926; and about three years after such death this action was instituted against his sureties, W. L. Hamner and E. W. Merritt. Three of the plaintiffs are obligees (now majors) under the bond, while two (minors appearing through a representative) are children of a deceased obligee. They pray for judgment against the defendants in solido in the sum of $2,171.50, with interest and attorneys fees.

Besides containing the allegations above enumerated, the petition (as amended) sets forth that D. H. Posey (the tutor and principal on the bond) died "totally without property either real or personal." It fails to allege attempts to obtain satisfaction of plaintiffs' claim through judicial proceedings conducted against the principal or his succession.

On this appeal it is not urged that the district court erred in sustaining defendants' exception to the capacity of the representative of the two minor plaintiffs. In fact, appellants' counsel now concede,

as their brief discloses, that such ruling was correct.

The sole complaint offered here concerns the maintaining of defendants' plea that this action was prematurely brought, the court's decision having as its basis Revised Civil Code, Article 3066, which reads:

"A judicial surety can not demand the discussion of the property of the principal debtor.

*"But no suit shall be instituted against any surety* on any appeal bond, nor *on the bond of any* administrator, *tutor,* curator, executor, or syndic, *until the necessary steps have been taken to enforce payment against the principal.*

"The mode of proceeding against sureties on official bonds, is prescribed by special laws." (Italics ours.)

As before shown, a compliance with the emphasized portion of the quoted codal article is not asserted by plaintiffs. Their counsel, on the contrary, contend earnestly and strongly that since the tutor died without leaving any property whatever (as the petition alleges) a resorting to judicial proceedings involving the decedent or his succession would constitute a vain and useless effort, and such, under the circumstances, is not a condition precedent to the impleading of his sureties. In support of this position the following authorities are cited: Alley v. Hawthorn, 1 La.Ann. 122, Trimble v. Brichta, 11 La.Ann. 271,

Murison v. Butler, 20 La.Ann. 512, Lepretre v. Barthet, 25 La.Ann. 124.

It is true that in the cited cases the creditors were not required to cause execution to be issued against the estates of the deceased debtors before being permitted to proceed against the sureties on the bonds. But in each, as a close study of the court's opinion reveals, the liability of the principal on the bond for the claim asserted had been judicially fixed and determined (evidenced by a judgment) in a proceeding conducted contradictorily with him or his representative before suit was instituted against the surety. The same cannot be said of the claim urged by the plaintiffs in the instant cause; hence the authorities relied on are not analogous.

█ The circumstance of plaintiffs' omission to obtain previously final judicial determination of the principal's liability renders applicable here, in our opinion, the rulings of this court in Gaillard v. Bordelon, 35 La.Ann. 390, Chapron v. Chapron, 41 La.Ann. 486, 6 So. 810, W. B. Thompson & Company v. American Surety Company, 139 La. 888, 72 So. 430. These cases, all of which were actions against sureties on administrators' bonds, stand for the proposition that until the liability of the principal on a bond has been established judicially and finally there is no competent proof, such as the surety has a right to require, of the occurrence of a breach in the conditions of the bond, a prerequisite to the enforcement of the surety's liability.

█ This doctrine, founded on the provisions of Revised Civil Code, Article 3066, seems somewhat harsh when applied to a case in which the creditors allege that the debtor (principal on the bond) died without any property whatever. But it is supported by sound reason as is well illustrated by the present litigation. To render a judgment against these sureties the court must take into consideration not only the question of the solvency of the principal (tutor) on the bond but also the question of the extent of his liability to his children, the plaintiffs. The amount of his present indebtedness to them, if any, has never been judicially fixed or determined. Of course, plaintiffs allege that the annual account filed on August 13, 1926, showed a balance due them as of that date of $2,171.50. But no final account was ever submitted to and approved by the court, and the tutor did not die until the year 1941. It is possible that during the intervening fifteen year period (between the filing of the provisional account and the death) a great part of the amount due as of August 13, 1926, was legally spent for and on behalf of the minors, thus reducing correspondingly the indebtedness of the tutor to plaintiffs. If such a reduction has occurred, the sureties are in no position to prove it; hence they should not be required to appear and contest the claim, a matter personal to the tutor and his children. Rather, the liability of the principal, as well as the extent thereof, can best be determined from proof offered by these plaintiffs in a succession

proceeding, a simplified form of which is that authorized by our laws where the value of the estate is less than $500.

For the reasons assigned the judgment is affirmed.