EDWARDS, Judge.
The issues in this appeal are procedural in nature. They emanate from the judicial removal of the tutrix of Dollie Michelle Matthews for failure to properly account for income and expenditures. For the following reasons, we reverse and remand the matter to the trial court.
The history of this appeal is as follows:
1) After the death of Dollie Michelle Matthews' mother, Mrs. Matthews was placed in the care and custody of her aunt, Dolores Washington, her mother’s sister;
2) In 1974, Mrs. Washington petitioned and was appointed as the tutrix over the major, but incompetent, Dollie Michelle Matthews;
3) In 1975, Dollie Michelle Matthews was married to Douglas Johnson. He petitioned the court to have Mrs. Washington removed as tutrix over his wife’s patrimony, due to Mrs. Washington’s failure to properly account for income and expenditures. This petition was served on both Mrs. Washington and her surety, Western Surety Company;
4) In August 1985, by judgment, the trial court appointed Mr. Johnson as legal tutor and ordered Mrs. Washington to provide annual accountings from 1974 to present. This judgment further reserved to Mr. Johnson the right to traverse these ac-countings and provided for bond forfeiture in the event the accountings were found to be improper;
5) The accountings were filed and traversed by Mr. Johnson as they were poorly prepared and lacked a majority of Mrs. Matthews’ assets. Mrs. Washington was found to be in contempt and fined a total of $123.00 for her failure to comply with the trial court’s order of providing a good and sufficient accounting;
6) On February 25, 1987, a judgment was signed which found Mrs. Washington *119 to have violated her fiduciary duty to Mrs. Matthews’ estate;
7) On August 3, 1987, defendants, Mrs. Washington and Western Surety Company, filed the dilatory exception of improper use of summary proceedings. The memorandum in support of this exception alleged that Mr. Johnson was required first to get a judgment against Mrs. Washington before enforcing the suit against her surety, Western Surety Co.;
8) On August 28, 1987, the trial judge overruled the defendants’ exception and further ordered the forfeiture of Mrs. Washington’s bond and ordered her to pay all associated costs incurred in the matter. The judgment allowed the defendants an additional seven (7) days to supplement the accounting should they desire; they chose not to;
9) On September 30, 1987, a final judgment was signed against Mrs. Washington and her surety, for the sum of $2,000.00 (the amount of the bond) together with judicial interest from date of demand and all costs of the proceeding.
Mrs. Washington and Western Surety Company, both appeal from this final judgment. On appeal, they are both represented by the same counsel, as they were in the lower court. The issues presented for review are:
1) Whether the trial court erred in granting judgment ordering defendants to forfeit the bond of the tutrix in a summary proceeding in light of the prohibition of LSA-C.C.P. art. 2592.
2) Whether plaintiff, in the event the trial court’s ruling is affirmed, should be ordered . to reimburse defendants for their overpayment of costs and interests.
COSTS AND INTEREST
The second issue is moot and is pre-termitted for the following reasons. Defendants, without any supporting evidence, allege on appeal that both the costs and interest were incorrectly calculated by Mr. Johnson. The defendants paid these sums without protest and failed to raise the cost issue at the trial level. The record before this court is void of any evidence relative to these sums and thus cannot be considered on appeal. LSA-C.C.P. art. 2164.
SUMMARY PROCEEDINGS
Defendants also argue that the proceedings used by Mr. Johnson were improper to obtain the judgment granted by the trial court. Specifically, defendants argue that damages cannot be granted by a summary proceeding and that under former LSA-C.C. art. 3066, Mr. Johnson was first required to obtain judgment against Mrs. Washington before proceeding to enforce the surety contract against Western Surety Co. While in Major v. Hall, 262 La. 243, 263 So.2d 22 (1972), the Louisiana Supreme Court stated that in the absence of a special statutory provision, damages are not recoverable in a summary proceeding, we find that a forfeiture of a surety bond is not a granting of damages. LSA-C.C.P. art. 2592 allows the use of summary proceedings for:
(4) An action against the surety on a judicial bond after judgment has been obtained against the principal, or against both principal and surety when a summary proceeding against the principal is permitted.
Thus if the summary proceeding was a proper vehicle to obtain judgment against Mrs. Washington, and it fits under exception (4) of art. 2592, then the forfeiture of the bond would not be considered as damages per se.
Former LSA-C.C. art. 3066 provided:
A judicial surety can not demand the discussion of the property of the principal debtor.
But no suit shall be instituted against any surety on any appeal bond, nor on the bond of any administrator, tutor, curator, executor, or syndic, until the necessary steps have been taken to enforce payment against the principal. (Emphasis added).
In Posey v. Hamner, 210 La. 382, 27 So.2d 158, 159, 160 (La.1946), our supreme court stated:
*120 The circumstance of plaintiffs omission to obtain previously final judicial determination of the principal’s liability renders applicable here, in our opinion, the rulings of this court in Gaillard v. Bordelon, 35 La.Ann. 390, Chapron v. Chapron, 41 La.Ann. 486, 6 So. 810, W.B. Thompson & Company v. American Surety Company, 139 La. 888, 72 So. 430. These cases, all of which were actions against sureties on administrators’ bonds, stand for the proposition that until the liability of the principal on a bond has been established judicially and finally there is no competent proof, such as the surety has a right to require, of the occurrence of a breach in the conditions of the bond, a prerequisite to the enforcement of the surety’s liability.
The obvious intent of article 3066 was first, to require the plaintiff to prove fault on the part of the defendant principal, and second, to afford the surety a chance to defend itself from the plaintiff’s allegations.
In the present case, both principal, Mrs. Washington, and surety, Western Surety Co., were on notice as early as July 1985, that Mrs. Washington had allegedly mishandled Mrs. Matthews’ estate. Both the principal and her surety were represented by the same counsel at trial and both were cast in judgment in solido simultaneously. We find there to be no prejudice to the surety and no need to obtain a separate single judgment against Mrs. Washington first when the surety participated in and acquiesced to the proceedings below.
We conclude that the summary proceeding used was a proper vehicle to challenge both the principal’s breach of fiduciary duty and the surety’s obligation, and that the forfeiture of the bond was not damages as is alleged by appellant.
We do, however, find that the arbitrary forfeiture of the bond without first requiring Mrs. Matthews to prove that her damages were at least $2,000.00 or more, was an abuse of discretion. Thus we reverse and remand the matter to the trial court only for a determination of the amount of damages Mrs. Matthews sustained.
For the foregoing reasons, the judgment of the trial court is reversed and remanded for a determination of damages sustained by Mrs. Matthews. All costs are to be divided between the parties.
REVERSED AND REMANDED.
SHORTESS, J., concurs in result.